T. G. Cansler v. E. D. Sallis et al.

1. Mortgage. *Extinguishment. Change in form of indebtedness.*
    A mere change in the form of indebtedness will not discharge a lien, unless the parties clearly intended to extinguish it. *Lewis* v. *Starke*, 10 S. & M. 120; *Howell* v. *Bush, ante*, 437.

2. Same. *Entry of satisfaction. Subsequent mortgagee. Case in judgment.*
    C. sold land to S., from whom he took a trust-deed to secure the note for the unpaid purchase-money, and who afterwards gave a deed of trust on the land to M. Subsequently, C., owing B., agreed to assign him his trust-deed and note, with the understanding, in which S. acquiesced, that if C. had to pay B., his right under the trust-deed should revive. For convenience, but without intending to destroy the first security, the old note and trust-deed were given up to S., and marked on the record-book, "satisfied by settlement," and S. executed to B. a new note and trust-deed for the amount of the old note and interest. C., on S. failing to pay, had to take up the B. debt. *Held*, on a bill filed by C. to enforce his first trust-deed, that equity, looking through the form to the substance, would keep alive the original security as between the parties. *Held further*, that M., being unaffected by the transaction, could not complain.

Appeal from the Chancery Court of Itawamba County.

Hon. Lafayette Haughton, Chancellor.

T. G. Cansler filed this bill against E. D. Sallis, Thomas Mann and L. Hampton, alleging that, in December, 1873, the complainant sold to Sallis a tract of land, the purchase-money for which was paid in part, and for the balance Sallis gave his note. The complainant executed a deed to Sallis, and to secure the unpaid part of the purchase-money Sallis conveyed the land to Cayce, trustee. Being indebted to Hampton, on May 4, 1874, Sallis conveyed the land to Mann, in trust to secure said indebtedness. Cansler owed a debt to one Bankhead; and agreed to assign to Bankhead the note and deed of trust, on the understanding, in which Sallis acquiesced, that, if the complainant was compelled to pay Bankhead, his rights under the trust-deed should revive. For the convenience of the parties, and without any intention of destroying the original security, on March 11, 1875, the old trust-deed and note were given up to Sallis, and marked on

the record-book of deeds, "satisfied by settlement;" and
Sallis executed to Cayce, trustee, for the benefit of Bankhead,
a new trust-deed, and made a new note, payable to Bankhead,
for the amount of the old note and interest. The notes not
being paid, in December, 1875, the complainant himself paid
the debt to Bankhead, took up the last note and deed of trust,
and filed this bill to enforce the first one. To that bill the
defendants demurred, on the grounds of want of equity, and
want of interest in the complainant; and, from a decree sus-
taining the demurrer, the complainant appeals.

*Clayton & Clayton* and *Newnan Cayce*, for the appellant.

1. In a sale of real estate the vendor has a lien by implica-
tion of law, which is waived only by taking collateral security
or express agreement. 2 Wash. 90; *Pitts* v. *Parker*, 44 Miss.
247.

2. Taking collateral security is, *prima facie*, a waiver, but
may be rebutted. 2 Wash. 91; 2 Story Eq. Jur. § 1226;
*Fonda* v. *Jones*, 42 Miss. 792.

3. If the vendor transfers the note for the purchase-money,
and receives it back again, his lien revives. *Briggs* v. *Hill*,
6 How. (Miss.) 364; *Lindsey* v. *Bates*, 42 Miss. 397; *Pitts* v.
*Parker*, 44 Miss. 251. Had there been no controversy about
the existence of the vendor's lien, the note for the purchase-
money been transferred to Bankhead, and Cansler been com-
pelled to take it back, his vendor's lien would be superior to
the lien of Mann.

4. If there was no vendor's lien, still the first deed of trust
given by Sallis and wife created a lien superior to any other
claim, and certainly to that of Mann: first, because it was
for the purchase-money; and, secondly, because it was older
in date, and recorded before the other was given. The
transaction, by which the debt was put in a different shape
but not paid, did not make the deed of trust of Sallis to Mann
superior to that to Bankhead. By § 2296 Code 1871, it is
provided that "every mortgage given at the time of the pur-
chase of real estate, to secure the payment of the purchase-
money, shall be entitled to a preference over all judgments
and other debts of the mortgagor, which preference shall only
extend to the land purchased." There was a mortgage given

to secure the purchase-money, and it has never been paid. When retransferred to Cansler, his rights under the mortgage or deed of trust revived; and his equity, being superior to that of the Mann deed of trust, the court will enforce the first one.

5. The rights of Mann are not affected by the transaction. He gets what he contracted for. Equity will not, on a technicality, give him more.

*J. A. Brown*, on the same side, cited *Crary* v. *Bowers*, 20 Cal. 85; *Davidson* v. *Bridgeport*, 8 Conn. 472; *Stebbins* v. *Kellogg*, 5 Conn. 265; *Johnson* v. *Collins*, 20 Ala. 435; *Ryan* v. *Dunlap*, 17 Ill. 43; *Coburn* v. *Hough*, 32 Ill. 344; *The Barque Chusan*, 2 Story C. C. 455; *Downey* v. *Hicks*, 14 How. (U. S.) 240; *Goodnow* v. *Howe*, 20 Maine, 164; *Baker* v. *Draper*, 1 Clifford C. C. 420; *Berry* v. *Griffin*, 10 Md. 27; *Blunt* v. *Walker*, 11 Wis. 350; *Lewis* v. *Lozee*, 3 Wend. 79; *Wolgamot* v. *Bruner*, 4 Har. & M'Hen. 89.

*Blair & Clifton*, for the appellees.

Is any vitality left in the first deed of trust or note as against Mann and Hampton? The deed has been marked on the record cancelled, 13 S. & M. 109; and, with the note, has been returned to Sallis, and another deed and note given in their stead. This was done intentionally and deliberately, not by fraud or mistake. The parties, acting under § 2297 Code 1871, intended to cancel the deed of trust and reconvey the land. What is settlement but payment? The former is a larger term, but includes the latter. Payment may be in *money*, *land*, or *paper*. The satisfaction of the deed of trust was *unconditional*. This is shown by the entry, the return of the note and deed of trust to Sallis, and the execution of the new note and deed of trust to different parties. This is a stronger case than *Burn* v. *Yeizer*, 27 Miss. 188, where the court said: "Holding that there was a full and unconditional discharge of the trust-deed, it appears to us very manifest that it would be incompetent for a court of equity, under the circumstances alleged, to set aside the release and re-establish the satisfied deed." And no one was there interested but the original parties. In *Holmes* v. *Bacon*, 28 Miss. 607, relief was granted solely on the ground of *fraud*. All that the complainant seeks

in this case, as appears from the bill, is a simple priority. It is not charged that Sallis is insolvent, nor that the estate is insufficient to pay both claims, and the conclusion is authorized that it is ample.·

CHALMERS, J., delivered the opinion of the court.

That a mere change in the form of indebtedness will not discharge a lien, unless it is apparent that the parties intended to extinguish it, is well settled. The principle was stated and fully recognized in *Lewis* v. *Starke*, 10 S. & M. 120, 128, and in the recent case of *Howell* v. *Bush*, *ante*, 437; but in those cases the facts negatived any intention of retaining the lien, and demonstrated an opposite intention.

In this case, on the contrary, the allegations of the bill, which are admitted by the demurrer, are that "when the new note and trust-deed were taken, it was not intended to destroy the lien of the first trust, but only to change the form for the convenience of parties." This change of form grew out of the fact that the note had been assigned, and the assignee desired a new note and trust-deed in his own name. The new note was for the exact amount of the old one, with the accumulated interest; and the consideration of both was the unpaid purchase-money of the land mortgaged. The original trust-deed was marked " satisfied by settlement," — language which seems of itself to import that there had been no actual payment if the settlement should fail.

There·can be no doubt that, under the allegations of the bill, the intention between the parties was to substitute the second note and trust-deed for the first as a mere change in the form of indebtedness for some fancied convenience to the parties. Whenever this is the case, a court of equity will look through the form to the substance, and keep alive the original security, if justice requires it. *Dillon* v. *Byrne*, 5 Cal. 455; *Swift* v. *Kraemer*, 13 Cal. 526; *Flower* v. *Elwood*, 66 Ill. 438; *Nichols* v. *Overacker*, 16 Kansas, 54.

Can Mann, who had taken a trust-deed junior to the original one, complain that it is kept alive? How is he prejudiced? He has still all that he bargained for. He was induced to take no new step, by reason of the change in the form of the

original security. He has not been misled by it; he has advanced no new consideration in consequence of it. Shall he be allowed to gain an accidental advantage by a transaction with which he had no concern? If it was the intention of the parties to the original security to keep it alive, as the bill charges, the carrying out of that intention in no manner harms him. His rights remain wholly unaffected, and this is all that he can ask.

*Decree reversed and demurrer overruled.*