ALVAH C. MOFFET

v.

JOHN V. FARWELL, Jr.

*Opinion filed October 23, 1906.*

1. MERGER—*merger is a matter of interest and intention of the parties.* Whether a merger results from the uniting of a greater and less estate in the same person depends upon what will best subserve the purposes of justice and the intention of the parties, and in determining the question the interests and intention of the parties are the controlling considerations.

2. SAME—*what does not show a merger of mortgage in a deed.* Acceptance, by the mortgagee, of a quit-claim deed from the mortgagor and cancellation and delivery of the note and mortgage to the mortgagor, there being no release of the same, do not show a merger of the estates in the quit-claim grantee, there being no other evidence of an intention on his part to release all claims under the mortgage and rely solely on the deed.

3. SAME—*it is presumed that a party intended to keep his mortgage alive.* In the absence of evidence to the contrary the law presumes that a party intended to keep his mortgage alive, when such course was essential to his protection against an intervening title or for other purposes of security, even though, through ignorance of the intervening title or inadvertence, the mortgage has been discharged and the notes canceled.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Morgan county; the Hon. JAMES A. CREIGHTON, Judge, presiding.

ED. D. HENRY, for plaintiff in error:

A judgment debtor cannot, by conveying his equity of redemption to a prior mortgagee, cut off the lien of a judgment. The right to sell under such lien is a legal right enforcible at law, and not a cloud on title which may be removed by bill to quiet title. *Walters* v. *Defenbaugh,* 90 Ill. 241; *Rigdon* v. *Shirk,* 127 id. 411.

The mortgage is but an incident to the debt, and the conveyance of the mortgagee by quit-claim deed was a nullity

as to the mortgage. *Delano* v. *Bennett,* 90 Ill. 536; *Lightcap* v. *Bradley,* 186 id. 523; *Greve* v. *Coffin,* 100 Am. Dec. 234.

If a party acquires an estate upon which he has an encumbrance, the encumbrance is, in equity, considered as subsisting or extinguished, according to his intentions, express or implied. And where he takes a warranty deed in satisfaction of the indebtedness, it is clearly his intention to rely upon the title in the property only. *Campbell* v. *Carter,* 14 Ill. 286; *Ernst* v. *McChesney,* 186 id. 617.

The acceptance, by the mortgagee, of a deed in satisfaction of the debt gave him only such title as the mortgagor had when the deed was made. *Archer* v. *Salinas City,* 93 Cal. 43; Jones on Mortgages, (5th ed.) sec. 711.

Where a deed by mortgagor to mortgagee of his equity is in full satisfaction of the mortgage debt no presumption arises that the mortgage lien was kept alive as against judgment creditors of the mortgagor. *Beacham* v. *Gurney,* 91 Iowa, 621; *Bleckley* v. *Branyan,* 26 S. C. 424.

Express intention of one thing excludes implication of another. *Finley* v. *Steele,* 23 Ill. 56.

Secret intentions and secret trusts cannot be considered. *Gary* v. *Newton,* 201 Ill. 186; *Robbins* v. *Moore,* 129 id. 30.

J. MARSHALL MILLER, and A. L. HAMILTON, (LAYMAN & MORRISSEY, of counsel,) for defendant in error:

If a mortgage is the eldest lien and is for an amount equal to or exceeding the value of the mortgaged premises, and the mortgagee, to avoid the expense of foreclosure, takes a conveyance from the mortgagor, a court of equity will not permit the mortgaged premises to be swept away from him by a junior judgment creditor without payment of the mortgage, under the pretense that its lien has been lost by merger, but will enjoin the sale at law or restrict the judgment creditor's lien to the equity of redemption. *Richardson* v. *Hockenhull,* 85 Ill. 124; *Edgerton* v. *Young,* 43 id. 464; *Lowman* v. *Lowman,* 118 id. 586.

A conveyance of the mortgagor's estate to the mortgagee does not operate as a merger, in equity, unless it was intended to have that effect. *Shippen* v. *Whittier*, 117 Ill. 282.

Although the parties may have undertaken to discharge a mortgage upon the uniting of the estates of the mortgagor and mortgagee in the latter, the mortgage will still be upheld, in equity, as a source of title when it is for the interest of the mortgagee, by reason of some intervening title or encumbrance, that it should not be regarded as merged.

The law presumes the mortgagee intended to keep his mortgage title, even though he has, through ignorance of an intervening title, actually discharged the mortgage and canceled the note. *Lowman* v. *Lowman*, 19 Ill. App. 481; 118 Ill. 582; *Farrand* v. *Long*, 184 id. 108.

Mr. JUSTICE FARMER delivered the opinion of the court:

On the 18th day of March, 1891, John A. Crain and wife executed a mortgage to Charles B. Farwell on certain lots in Waverly, Morgan county, Illinois, to secure a note for $5000, bearing interest at eight per cent and due one year after date. The title to the lots was in Mrs. Crain. She died some year and a half later, leaving a will, in and by which she devised the said lots to her husband, John A. Crain. In January, 1899, the Drovers' National Bank obtained a judgment against Crain in the county court of Morgan county for $564.11, and caused execution to issue thereon within a year from the date of the judgment, which was returned not satisfied. Subsequently $73 was paid on the judgment, and on March 4, 1902, the judgment was assigned by the bank to Thomas Crain, who on October 14, 1902, assigned it to plaintiff in error. February 17, 1902, John A. Crain executed a deed for said lots to Charles B. Farwell. The deed recited that John A. Crain, "in consideration of the canceling of a certain promissory note and mortgage in favor of the grantee herein and one dollar in

222—35

hand paid, conveys and quit-claims to Charles B. Farwell lots 1 and 2," etc. The deed also contained covenants that the grantor warranted and would defend "against any estate, interest or claim of heirs, claimants, administrators and executors of himself or his late wife." On April 22, 1903, Charles B. Farwell and wife conveyed the premises by quit-claim deed to defendant in error, John V. Farwell, Jr.

The amended bill filed by defendant in error, after setting up the facts as herein above related, averred that the defendant was threatening to have an execution issued on his judgment and levy the same on the lots in controversy. The bill then alleged that the deed from Crain to Charles B. Farwell was in lieu of the mortgage security and made to avoid the expense and delay incident to foreclosure proceedings, and prayed that the judgment held by plaintiff in error, as assignee, be declared a junior lien and subject to the deed from Crain to Farwell, and that the plaintiff in error be required to redeem as a judgment creditor within such time as the court might fix, by paying such sum as the court should find the premises to be worth, and that upon his failure to redeem he be forever barred and enjoined from asserting any lien or claim on said premises by reason of said judgment.

The answer denies the allegations of the bill as to the purpose and effect of the deed from Crain to Charles B. Farwell, and avers it was said Farwell's intention in receiving the conveyance to cancel, discharge and satisfy the mortgage debt, whereby the judgment of plaintiff in error became a prior lien upon the premises in question, and admitted that defendant was threatening and endeavoring to have the same satisfied out of a sale of the lots under execution on said judgment.

The cause was heard in the circuit court upon a stipulation of facts, wherein, among other things, it was agreed that upon the delivery of the deed from Crain to Charles B. Farwell the note and mortgage mentioned were canceled and delivered to Crain, but no release or satisfaction was

made of record unless it was contained in the deed. It was also agreed that at the time of the delivery of the deed to Farwell, and at the time of the trial, the lots were not worth more than $2000; that Crain was insolvent, and was so known to be to the grantee when he made the deed, and that the amount due on the note and mortgage above the value of the property was about $4000; that plaintiff in error purchased the judgment after the deed from Crain to Farwell was recorded and with actual knowledge of its contents. It is also stipulated that "the deed given by Crain and received by Charles B. Farwell was in satisfaction of the indebtedness represented by said note and mortgage and given in lieu of the mortgage security, and to avoid the expense and delay incident to foreclosure proceedings on said mortgage,". and that Charles B. Farwell and wife conveyed the premises by quit-claim deed to defendant in error.

The circuit court found and decreed that there was due on the mortgage indebtedness to Farwell about $6000, and that Crain executed the deed to him in lieu of the mortgage security and to avoid the cost and delay incident to foreclosure proceedings; that Crain was insolvent, and that at the time he made the deed to Farwell, and at the time of the trial of the cause, the property described in the mortgage and deed was worth $2000. The court further found that there was no merger; that the lien of plaintiff in error by virtue of the judgment was subject to the rights of defendant in error, and decreed that plaintiff in error might redeem the premises by paying defendant in error, within three months from the date of filing the decree, $2000, with interest thereon at five per cent, and upon his failure to do so, he and all persons claiming by, through or under him, be forever barred, foreclosed and perpetually enjoined from asserting said claim in any manner or form against the said premises. On appeal to the Appellate Court the decree of the circuit court was affirmed, and the case is brought here by writ of error.

The principal question in this record is, whether, by the acceptance by Charles B. Farwell of a deed from Crain, the mortgage became merged in the fee and ceased to be a prior lien on the premises as against the judgment held by plaintiff in error. Whether a merger results from a greater and less estate uniting in the same person depends upon what will best subserve the purposes of justice and the intention of the parties. This court has held the question always to be one of intention, and that the interests of the parties and their intentions are controlling considerations. (*Richardson* v. *Hockenhull,* 85 Ill. 124.) "The intention is the controlling consideration, where it has been made known or can be inferred from the acts and conduct of the party, and the court will look into all of the circumstances of the case to ascertain his real intention. If it appears that he intended to discharge the encumbrance and rely exclusively upon his newly acquired title, the encumbrance is regarded as extinguished and cannot afterward be set up to strengthen and support that title. If no intention has been manifested, equity will consider the encumbrance as subsisting or extinguished, as may be most conducive to the interests of the party." (*Campbell* v. *Carter,* 14 Ill. 286.) In *Edgerton* v. *Young,* 43 Ill. 464, it was held that whether a merger resulted from a greater and less estate meeting in the same person depends upon the intent and interest of the parties, and that a court of equity will keep alive both estates if it appears necessary to the ends of justice to do so. It was said in *Shippen* v. *Whittier,* 117 Ill. 282: "The conveyance of the mortgagor's estate to the mortgagee does not operate as a merger, in equity, unless it was intended to have that effect." These principles are sustained by *Lowman* v. *Lowman,* 118 Ill. 582, *Shaver* v. *Williams,* 87 id. 469, and *Farrand* v. *Long,* 184 id. 100.

Three things are relied upon by plaintiff in error as establishing the intention of Charles B. Farwell, at the time of taking the deed, to be to relinquish all right and interest

under the mortgage and rely solely upon the deed, namely: the acceptance of the special warranty deed; the cancellation and delivery to Crain of the note and mortgage, and the paragraph in the stipulation of facts that the deed was received in satisfaction of the indebtedness represented by the note and mortgage and in lieu of the mortgage security, and to avoid the expense and delay of foreclosure. We are of opinion the evidence in this record does not show Farwell's intention to have been to release all claim and right under the mortgage and rely solely upon the deed. There is nothing in the deed from Crain to him from which such intention is necessarily to be inferred, nor does the delivery to Crain of the canceled note and mortgage prove that such was his intention and purpose. This court held in *Richardson* v. *Hockenhull, supra,* that such an intention was not proven by the surrender of the note and the release of the mortgage upon the record by the mortgagee upon the receipt of a deed to the mortgaged premises. (See, also, *Farrand* v. *Long, supra.*) We have already seen that the law presumes a mortgagee to have intended to keep his mortgage alive. In 1 Jones on Mortgages (3d ed. sec. 873,) it is said: "It is presumed as a matter of law, that the party must have intended to keep on foot his mortgage title when it was essential to his security against an intervening title or for other purposes of security; and this presumption applies although the parties, through ignorance of such intervening title or through inadvertence, have actually discharged the mortgage and canceled the notes." Of course, such presumption of the law could not prevail if a contrary intention appeared from the evidence. No such contrary intention appearing from the evidence in this case, the judgment of the Appellate Court is affirmed.

The time for redemption allowed plaintiff in error by the decree of the circuit court will be extended to three months from the date of filing this opinion.

*Judgment affirmed.*