## CADE v. TOLER.

(Division B. Dec. 9, 1929.)

[124 So. 793. No. 28066.]

Shands, Elmore & Causey and Somerville & Somerville, all of Cleveland, for appellant.

**J. C. Roberts,** of Cleveland, and **Louis C. Hallam,** of Jackson, for appellee.

**Anderson, J.,** delivered the opinion of the court.

Appellee filed his bill against appellant in the chancery court of Bolivar county to revive a deed of trust which appellee held on forty acres of land in Bolivar county, described in the bill, and to have the deed of trust declared a prior and superior lien on the land, to a subsequent deed of trust on the same land held by appellant, and to enforce appellant's deed of trust against the land by foreclosure.

The cause was tried on amended bill, answer thereto, and proofs, resulting in a final decree in favor of appellee; from which decree appellant prosecutes this appeal.

The following are the controlling facts of the case, which facts were either undisputed in the evidence, or found to exist in the decree, which finding was based on sufficient evidence:

Appellee held a purchase-money deed of trust against the land involved to secure five thousand dollars, with interest. The indebtedness was evidenced by five purchase-money notes in equal amounts, payable in one, two, three, four, and five years. Appellant held a junior deed of trust on the land to secure the sum of three thousand dollars. H. E. Day owned the forty acres of land, and executed both these deeds of trust and the notes which the deeds of trust were given to secure. Some of appellee's notes were overdue and unpaid. Day wanted to avoid foreclosure, with the expense incident thereto, and

'was also anxious to settle the matter and be released from further liability on the notes.

Finally it was agreed between appellant and Day that the latter would pay to the former the sum of one thousand dollars cash, and give him a quitclaim deed to the forty acres of land in consideration of appellee's releasing Day from further liability on the notes, and surrendering to him the notes, but retaining the deed of trust in order to preserve his rights against the land. That agreement was accordingly carried out; Day paid to appellee the one thousand dollars; appellee canceled and surrendered to Day the five notes secured by the deed of trust, but retained the deed of trust, which was not canceled on the records in the chancery clerk's office, where it was recorded. At the time this transaction took place between appellee and Day, the latter had notice that appellant held a junior deed of trust on the same land, executed by Day to secure the sum of three thousand dollars.

Upon receiving the conveyance from Day, appellee went into possession of the land, and later sold it to one Ervin on time payments. The quitclaim deed was executed in January, 1922; appellee and his vendee, Ervin, remained in the peaceful possession of the land until shortly before the bill was filed in this case in 1927. Appellee discovered that appellant was making claim to the land by virtue of his junior mortgage; and, in order to have the question settled, brought this suit.

The chancellor expressly found in the decree, among other things, that the adjustment and settlement which took place between Day and the appellee, resulting in the quitclaim deed from the former to the latter; was for the purpose of avoiding the expense of a foreclosure, and that appellee did not intend thereby to subordinate his deed of trust on the land to that of appellant; but, on the contrary, retained the deed of trust and refused

to cancel it, in order to preserve its priority of lien over appellant's deed of trust.

The question is whether, by virtue of the quitclaim deed from Day to appellee, the lien of the deed of trust held by appellee on the forty acres of land was thereby merged into the legal title thus acquired by appellee; and, as a result, appellee's title to the land was subordinated to the lien of appellant's deed of trust.

The authorities appear to be quite unanimous in holding that the lien of a mortgage is not merged in the legal title acquired by the mortgagee, where it is his intention that it shall not so merge; and, in the absence of evidence, his intention will be presumed to accord with his interest, that there is no merger of the mortgage as against subsequent incumbrancers, when the mortgagor conveys the land to the mortgagee, where it would be inequitable, or where there is an express agreement of the parties that the lien of the mortgage shall remain alive; that there is no such merger when the interests and situation of the parties clearly indicate that there is no intention to let in junior liens ahead of the mortgage; and this is true, even though the mortgage is entered satisfied of record, and the secured notes are surrendered. Note to Fortham v. Deters, 99 Am. St. Rep. 161 to 163, inclusive; Shattuck v. Belknap Savings Bank, 63 Kan. 443, 65 P. 643, 644; Hanlon v. Doherty, 109 Ind. 37, 9 N. E. 782, 783; Coburn v. Stephens, 137 Ind. 683, 36 N. E. 132, 45 Am. St. Rep. 218-221; Moffet v. Farwell, 222 Ill. 543, 78 N. E. 925. In the latter case the court held that the law presumes that a mortgagee in a transaction of this kind intended to keep his mortgage alive, if necessary to preserve his rights. The authorities relied on by appellant are not in conflict with these principles; on the contrary, they are borne out by some of them.

What right has appellant, whose deed of trust was junior to that of appellee, to complain that appellee's deed of trust is kept alive? How is appellant thereby

injured? He gets what he bargained for. Under the law he had no right to take any new step with reference to the land because of the change in the form of appellant's original security. Appellant was not misled by the compromise and settlement made by appellee and Day, resulting in the quitclaim deed to the land by the latter to the former. Appellant was not thereby induced to advance any new consideration to the mortgagor, Day.

The sums appellant expended in an effort to amend his position are not to be considered, for they were made by appellant with full knowledge at the time of appellee's rights. What was said by our court in Cansler v. Sallis, 54 Miss. 446, 450, is particularly applicable here: "Shall he be allowed to gain an accidental advantage by a transaction with which he had no concern? If it was the intention of the parties to the original security to keep it alive, . . . the carrying out of that intention in no manner harms him, His rights remain wholly unaffected, and this is all he can ask."

We are of opinion that the other questions argued on both direct and cross-appeal are not of sufficient seriousness to call for discussion by the court.

Affirmed.