Continental Illinois National Bank and Trust Company of Chicago, Appellee, v. James V. Cunningham et al., Defendants.

Appeal of James V. Cunningham et al., Appellants.

Gen. No. 39,234.

 Heard in the third division
of this court for the first district at the December term, 1936. 
Opinion filed June 30, 1937. Rehearing denied July 12, 1937.

BENJAMIN F. FOHRMAN, of Chicago, for appellants;
EDWARD McTIERNAN, of Chicago, of counsel.

RYAN, CONDON & LIVINGSTON, of Chicago, for appellee.

MR. PRESIDING JUSTICE DENIS E. SULLIVAN delivered
the opinion of the court.

A complaint to foreclose a trust deed was filed by the
executor of the estate of Joanna W. Kenny, deceased,
pursuant to an order entered in the probate court of
Cook county.

The trust deed and the note which it secured were
executed by James V. Cunningham and were inven-
toried as assets of said estate. The owner of record of
the property secured by said trust deed was Daniel L.
Madden, an attorney. His wife, Helen H. Madden, was
a niece of Joanna W. Kenny, deceased.

The said Daniel L. Madden and James V. Cunning-
ham were both lawyers and shared the same offices and
Madden was the attorney for Joanna W. Kenny during
her lifetime.

The bill of complaint alleged that Cunningham was
the owner of record of the property and had executed
the trust deed and note; that the trust deed and note
were made on May 25, 1920, the note being in the
principal amount of $4,500; that payments of $2,000

had been made on the principal and that interest had been paid up to July 1, 1929; that no payments of principal and interest had been made after July 1, 1929, and that there was due and owing at the time the bill of complaint was filed the sum of $2,500 plus interest at the rate of seven per cent per annum from July 1, 1929.

The trust deed sought to be foreclosed was dated May 25, 1920. On the same day a quitclaim deed for the same property from the mortgagor, James V. Cunningham to Joanna W. Kenny, the owner of the mortgage, was executed and was recorded on July 25, 1921.

Subsequently Joanna W. Kenny conveyed said property to Daniel L. Madden by a quitclaim deed dated December 7, 1921, and recorded November 2, 1928. The note secured by the trust deed shows payments of principal and interest on four different dates, namely: May 25, 1925, August 13, 1926, May 31, 1927, and July 1, 1929.

The answer filed on behalf of the defendants, Daniel L. Madden and Helen H. Madden, admits the execution of the trust deed and note by Cunningham, but alleges that on December 7, 1921, Daniel L. Madden purchased the premises sought to be foreclosed from Joanna W. Kenny, and that said Joanna W. Kenny, in connection with said purchase, executed a quitclaim deed to Daniel L. Madden; that at the time of the execution of said quitclaim deed to said Daniel L. Madden and at the time of the sale of said premises, "Joanna W. Kenny was the legal holder and owner of said mortgage and trust deed and notes secured thereby," herein sought to be foreclosed.

The answer further alleges that it was the intention of Joanna W. Kenny at the time of said conveyance to Daniel L. Madden on May 25, 1921, to release and quitclaim all of her interest by virtue of said trust deed herein sought to be foreclosed and that through in-

advertence and mistake the said trust deed was not released of record although it was the intention of the parties to do so; that all moneys due to Joanna W. Kenny have been paid in full and there were no moneys due her at the time of her death.

The theory of the plaintiff is that the trust deed and note executed by James V. Cunningham is a valid and binding obligation and a lien upon the real estate descibed in the trust deed for the balance reported by the master in chancery as remaining unpaid and due from the defendants and fixed by the decree; that the quitclaim deed from James V. Cunningham dated May 25, 1920, to said Joanna W. Kenny, conveyed the real estate involved herein to said Joanna W. Kenny, as additional security, and that the incumbrance evidenced by said principal note was not merged in the title then held by Joanna W. Kenny and constitutes a valid lien upon the real estate described in said trust deed.

The theory of the defendants is that by the execution of the quitclaim deed from James V. Cunningham to Joanna W. Kenny, dated May 25, 1920, the trust deed and the principal note which purported to be secured by said trust deed and which were held by Joanna W. Kenny, were canceled as a matter of law by the merger of the two estates and that the indebtedness evidenced by said documents was merged in the title to Joanna W. Kenny and extinguished; that when Joanna W. Kenny executed a quitclaim deed on December 7, 1921, to Daniel L. Madden conveying said real estate, she conveyed same free and clear of the incumbrance evidenced by said trust deed and said principal note; that the statute of limitations is a bar to any claim arising on said principal note and on said trust deed.

The evidence shows that both Madden and Cunningham are lawyers and for a time were office associates. There is no evidence as to where the property is located or what it consists of and at the time a deed was made

from Joanna W. Kenny to Cunningham that he ever took possession of the premises, occupied it or collected the rents therefrom. When the note for $4,500 was made, payments with interest were made thereon from time to time by Madden. Apparently Cunningham had nothing much to do with the transaction aside from signing his name to the note and trust deed, payments to Mrs. Kenny for principal and interest being made by check from Madden which payments covered a period of several years. There is no evidence showing what was said by the parties at the time the quitclaim deed was made on May 25, 1920 from James V. Cunningham to J. W. Kenny, indicating the intent or purpose of making the conveyance. It is claimed by the plaintiff that the conveyance was made as additional security for the note of $4,500 and by the defendants that it was a merger of the two estates.

Defendant Madden testified that when he bought the property from Mrs. Kenny he gave her his own note in payment of the fee title and when he made these payments which Mrs. Kenny had indorsed on the Cunningham note that he thought she would indorse them upon his note which he had given in payment of the fee. This note was not produced at the hearing. He further testified that he thought the trust deed had been released or canceled by the operation of conveying the fee title by Cuningham by quitclaim together with the trust deed to Mrs. Kenny. It is not made clear as to just what was the purpose of the transaction, except the claim of Madden that Cunningham was able to purchase the property cheaper than he could. No evidence is submitted as to any arrangements that may have been made or as to any understanding that may have been had between the parties with relation to the so-called merger. The conveyance of the fee to Cunningham and the giving of a trust deed and a quitclaim

deed from Cunningham to Mrs. Kenny was a contemporaneous transaction.

Counsel for Madden contends that the trust deed was released, but in the answer filed on behalf of Madden and his wife, it is admitted that Mrs. Kenny was the owner and holder of the mortgage on December 7, 1921, which was after the date of the execution of the trust deed. Evidence was introduced showing that Madden admitted that the mortgage was still his obligation after that date.

It further appears from the testimony of Randolph W. Thornton, attorney for Clara W. Morris, that prior to the death of Mrs. Kenny he had a number of conversations with Daniel L. Madden with reference to exchanging bonds of the Home Owners' Loan Corporation for the mortgage which Madden said was in the estate of Joanna W. Kenny, incompetent. When Madden made application for a loan on his property to the Home Owners Loan Corporation on or about August 1, 1933, he stated that the purpose of making the loan "was to pay off my note that I owed Mrs. Kenny." The original application made to the Home Owners' Loan Corporation was for $6,000 and was dated August 5, 1933. In that application he stated that the total incumbrance or lien on the property was a $4,500 first mortgage held by the conservatrix of an insane estate. In a letter which he wrote to the Home Owners' Loan Corporation he informed said corporation that Cause No. 35 C 14081 was pending in the circuit court, which case was the suit filed to foreclose the trust deed and note.

On November 21, 1927, Madden wrote a letter to Mrs. Joanna Kenny, in which he stated: "This will leave a balance due on my mortgage note of $2,500.00." In another letter dated July 21, 1929, he wrote to Mrs. Kenny: "A balance due on the mortgage of $2,000.00." And again in a letter dated December 11, 1929, Madden

wrote to Mrs. Kenny, "$60.00 in interest on my mortgage note."

The merging of two estates represented by a quit-claim and a trust deed is largely a matter of intention. As was said in the case of *Moffet v. Farwell,* 222 Ill. 543: "Whether a merger results from the uniting of a greater and less estate in the same person depends upon what will best subserve the purposes of justice and the intention of the parties, and in determining the question the interests and intention of the parties are the controlling considerations.

". . . Acceptance, by the mortgagee, of a quit-claim deed from the mortgagor and cancellation and delivery of the note and mortgage to the mortgagor, there being no release of the same, do not show a merger of the estates in the quit-claim grantee, there being no other evidence of an intention on his part to release all claims under the mortgage and rely solely on the deed.

". . . In the absence of evidence to the contrary the law presumes that a party intended to keep his mortgage alive, when such course was essential to his protection against an intervening title or for other purposes of security, even though, through ignorance of the intervening title or inadvertence, the mortgage has been discharged and the notes canceled."

In the instant case the notes were not canceled, the mortgage was not delivered and, as before stated, there is no controlling evidence showing any intention on the part of Mrs. Kenny to cancel the said notes and release her security. We cannot discover from the evidence before us just what was the purpose of the transaction, other than we have already stated, the net result of which was that the title to the property was conveyed to Cunningham and a trust deed was executed by Cunningham and notes were signed for $4,500, and then the property was conveyed back from Cunningham by quitclaim deed to Mrs. Kenny. Nothing was

said as to what should become of the notes which Cunningham signed or the obligation which he incurred.

In the case of *Campbell v. Carter,* 14 Ill. 286, at page 290, the court said: ''The intention is the controlling consideration, where it has been made known, or can be inferred from the acts and conduct of the party. And the court will look into all of the circumstances of the case, to ascertain his real intention. If it appears, that he intended to discharge the incumbrance, and rely exclusively upon his newly acquired title, the incumbrance is regarded as extinguished, and cannot afterwards be set up to strengthen and support that title. If no intention has been manifested, equity will consider the incumbrance as subsisting, or extinguished, as may be most conducive to the interests of the party.''

In our consideration of this cause we are not aided by the testimony of either Cunningham or Mrs. Kenny as to the real intention of the parties—Cunningham not having appeared to testify and Mrs. Kenny having died. Therefore we must accept the intention of the parties as having been largely expressed by the documents offered in evidence.

We cannot find that any merger of estates was intended in the transactions or that there was a release of liability as to Cunningham on the notes. We think the evidence shows that Madden took the conveyance from Mrs. Kenny subject to the trust deed. We also think the evidence shows that the payment by Madden upon the notes which were signed by Cunningham was a payment by the real party in interest and should be credited upon the notes. This note with the indorsement thereon was found among the assets of the deceased and, of course, it became a duty of the plaintiff to collect the same.

On the question of the statute of limitations, it is shown that no such defense was made in the pleadings

in the trial court and, therefore, it cannot now be raised here.

From a review of the evidence we are satisfied that the master in his report and the court in its decree were correct in the decision reached. Therefore, for the reasons herein stated, the decree of the circuit court is hereby affirmed.

*Decree affirmed.*

HEBEL and HALL, JJ., concur.