CONNECTICUT GENERAL LIFE INS. CO. *et al. v.* PLANTERS TRUST & SAVINGS BANK *et al.*

(Division A. June 6, 1938. Suggestion of Error Overruled June 30, 1938.)

[181 So. 724. No. 33203.]

Wells, Wells & Lipscomb, of Jackson, and S. B. Thomas, of Greenville, for appellants.

William Payne and Ernest Kellner, both of Greenville, for appellees.

Argued orally by **W. Calvin Wells** and **S. B. Thomas,** for appellants, and by **Ernest Kellner,** for appellees.

**Smith, C. J.,** delivered the opinion of the court.

This proceeding was begun by the Planters Bank & Trust Company, a creditor of Lawrence Blum, deceased, to subject land owned by Blum at his death to the payment of claims probated against his estate, one of which was the claim of the Planters Bank & Trust Company. A decree was rendered in accordance with the prayer of the petition but was reversed on appeal to this court, Blum v. Planters' Bank & Trust Co., 154 Miss. 800, 122 So. 784, for the reason that it had not been made to appear that the personal estate of the decedent was insufficient for the payment of claims probated against the estate. Among the defendants to the petition was Mrs. Jennie S. Blum, who claimed that the land was not subject to sale for the payment of the debts of the decedent, for the reason that she owned the legal title thereto, acquired since the death of the decedent, and in addition that when the title to the land was acquired by her she and her grantors had an equitable lien thereon to the amount of about $200,000.

On the second hearing the court denied the right of the creditors thereto to this equitable lien and again or-

dered the land to be sold for the payment of the decedent's debts. This decree was reversed on appeal to this court, 161 Miss. 226, 135 So. 353, and the claim to the equitable lien was sustained and decreed to be superior to the rights of the decedent's general creditors, and the case was again remanded. The facts and parties defendant to the petition are set forth in the opinion then rendered and will not be again set forth, which opinion must be read in connection herewith.

On the return of the case to the court below no further proceedings were had therein for several years, when Planters Trust & Savings Bank, the successor in interest to the Planters Bank & Trust Company, filed an amended petition again requesting the sale of the land for the payment of claims probated against decedent's estate. From this petition it appears that on the 24th of August, 1927, Jennie S. Blum, the then owner of the legal title to the land, executed a deed of trust thereon to secure the payment of $50,000, evidenced by promissory notes, which notes and deed of trust were assigned by the owner thereof to the Connecticut General Life Insurance Company, and on the 25th day of November, 1932, the deed of trust was foreclosed, and the land purchased by the Connecticut General Life Insurance Company for $25,000, the adequacy vel non of which is of no concern to the appellee, since which time that company has been in possession of the land. The petition further alleges that this deed of trust was void for the reason that Jennie S. Blum then had no title to the land but merely an equitable lien thereon. The prayer of the petition is that the deed of trust executed by Jennie S. Blum, and the sale thereunder to the Connecticut General Life Insurance Company, be decreed void, and that the court hear and determine the equities of the parties hereto in and to the aforesaid land and enter a decree for the sale of the land subject to said equities for the payment of the debts of the estate of Lawrence Blum, deceased.

The Connecticut General Life Insurance Company appeared and asserted the validity of the deed of trust and of its title to the land acquired at the sale thereunder, and also asserted that the equitable lien decreed against the land on the former appeal passed to it under the deed of trust and the purchase of the land thereunder and did not merge with its legal title to the land and was superior to the lien on the land for the payment of debts probated against Lawrence Blum's estate. It was agreed by all parties hereto that the land will not sell for more than $100,000.

The court below heard the case on bill, answer and proof, and decreed as follows: (1) That the sale of the land under the deed of trust be vacated and set aside; (2) appointed a special master and commissioner "to take and state an account of the equities of the parties hereto in and to the aforesaid land, and to sell the aforesaid land to satisfy said equities, all under the further orders and directions of this court;" and (3) that the Connecticut General Life Insurance Company has a paramount and prior lien "upon the Mounds Plantation (the land here in controversy) . . . to secure such sum as may be found to be owing to it on the aforesaid accounting under the loan made by Bolton Smith and Company to Jennie S. Blum, and which loan was secured by a deed of trust conveying said Mounds Plantation, executed by Jennie S. Blum on August 24, 1927, and recorded in Book 217, page 138, of the land records of Washington County, Mississippi, which deed of trust was assigned to the Connecticut General Life Insurance Company." The Connecticut General Life Insurance Company was granted an appeal to settle the principles of the case.

We are of the opinion (1) that Jennie S. Blum had the legal title to the land, and that the contrary was not decided on the second appeal herein, subject except as hereinafter stated to the payment of claims probated

against the estate of Lawrence Blum, when she executed the deed of trust, which title passed to the Connecticut General Life Insurance Company on its purchase of the land at the sale thereof under this deed of trust; (2) that at the time Jennie S. Blum purchased the land she owned a part and her grantors the remainder of the equitable lien thereon established on the second appeal to this court, and that the part thereof owned by her grantors passed to her by their deed to the land; (3) that the legal title of Jennie S. Blum, together with her equitable lien on the land, passed to the Connecticut General Life Insurance Company by virtue of the deed of trust executed by her on the land, at the foreclosure of which the Connecticut General Life Insurance Company purchased the land and received a deed thereto from the trustee in the deed of trust.

A conveyance of land unless the deed provides to the contrary conveys to the grantee all the grantor's interest therein both legal and equitable.

But the appellee says that this equitable lien on the land disappeared when Jennie S. Blum acquired the legal title thereto by becoming merged therein and therefore cannot be asserted by her or her grantee. "When the owner of the fee becomes absolutely entitled in his own right to a charge or encumbrance upon the same land, with no intervening interest or lien, the charge will, at law, merge in the ownership and cease to exist. Under like circumstances a merger will take place in equity, where no intention to prevent it has been expressed, and none is implied from the circumstances and the interests of the party; and a presumption in such a case arises in favor of the merger." But if no intention, as here, was expressed by the parties thereto, yet there exists an encumbrance on the land inferior to that acquired by the owner of the fee, equity will presume, if his best interest requires, that there was no intention for the merger to take place, and the merger

will not be permitted. 2 Pomeroy Equity Jurisprudence, 4th Ed., Secs. 790 and 791. Cade v. Toler, 155 Miss. 606, 124 So. 793; 41 C. J. 779; 19 R. C. L. 489. The authorities so holding will be found collected in the note to McCraney v. Morris, 95 A. L. R. 628.

If the merger here claimed is permitted, then Mrs. Blum held the land subject to the lien thereon for the payment of Lawrence Blum's debts, which would thereby become paramount to the superior equitable lien which she acquired along with the legal title to the land. It is clear, therefore, that her best interest requires that this lien be kept alive for her benefit unmerged with her legal title, and such, in equity, will be presumed to have been her intention. The exception to this rule is that a merger will not be prevented in equity when fraud or wrong would result therefrom. Pomeroy, op. cit. Sec. 794. No such result here appears. The same rule applies to the acquisition of the legal title to and the equitable charge on the land by the Connecticut General Life Insurance Company.

It thus appears that a sale of the land for the payment of the debts probated against the estate of Lawrence Blum would be vain and fruitless for the reason that it appears from the agreed state of facts that it would not bring at the sale thereof more than $100,000, none of which could be applied, because of the appellant's equitable charge thereon, to the payment of these probated debts. Consequently, the land should not have been directed to be sold, but the petition therefor should have been dismissed, and such will be the judgment rendered here.

So ordered.