A. M. GILL ET AL. *v.* H. J. SHIRLEY, ADMINISTRATRIX.

CHANCERY COURT. *Probate jurisdiction. Trial of conflicting titles.*
The Chancery Court, on an application by an administrator to sell land of his intestate, has no authority to adjudicate upon a claim of title thereto, set up by the heirs as derived from an independent source, paramount to that of the decedent, and should sustain the administrator's exceptions to the answer of the heirs setting up such defense.

APPEAL from the Chancery Court of Hinds County.
Hon. E. G. PEYTON, Chancellor.
Mrs. H. J. Shirley, administratrix of William W. Dunton, deceased, filed this petition in the Hinds Chancery Court, in the matter of the estate of William W. Dunton, alleging that the personal and real estate were insufficient to pay the debts ; setting out the claims against the estate and the property, real and personal, of which William W. Dunton died the owner ; and praying that the estate be declared insolvent and a decree made for the sale of all the property.

The petition further represented that said H. J. Shirley and the three children of James H. Dunton, deceased, Lydia Garner Dunton, Harriet Whitney Dunton, and James Henry Dunton, each of whom was a minor, were the only surviving heirs at law of said William W. Dunton, deceased, the said H. J. Shirley being a sister, and said James H. Dunton, deceased,

having been a brother, of William W. Dunton, deceased, and asked that the three minors, with their mother and guardian, Mrs. A. M. Gill, *née* Dunton, be made defendants and required to answer and show cause, if any they could, why the estate should not be declared insolvent and the lands sold as prayed.

Mrs. Gill and the minors, by her as guardian, answered that the lands never were the property of William W. Dunton, but were conveyed by third parties directly to James H. Dunton, under whom the respondents claimed to be owners, and made the conveyances to James H. Dunton exhibits to their answer, claiming that, as William W. Dunton was never owner of the lands, the court had not jurisdiction to sell them, on petition of his administratrix, as part of his estate.

The administratrix filed exceptions to so much and such portions of the answer as sought to contest the title of the decedent, William W. Dunton, to the lands sought by the petition to be sold, because (1) the Chancery Court has not jurisdiction, in the exercise of its probate powers, to adjudicate upon conflicting titles to said lands; (2) the petition does not seek to divest or affect any right, title, or claim of any of the respondents to the lands, except such right, title, or claim as may have vested in them as heirs at law of William W. Dunton; (3) any sale of the lands which may be decreed under the petition by the Chancery Court cannot deprive the respondents of any right, title, or claim which they have to any of the lands, except such as may have vested in them as heirs at law of William W. Dunton; (4) as the respondents are made defendants to the petition only as heirs at law of William W. Dunton, they are estopped to resist a sale of such interest or title as said William W. Dunton was seized and possessed of at the time of his death in said lands, if said sale shall be necessary for the payment of debts due by said deceased.

The exceptions, which covered, practically, the whole answer, were sustained, and there was no further defense; but

from a final decree for the sale of the lands the respondents appealed.

*J. A. Brown*, for the appellants.

The only question in this case is whether the fact that the intestate never had any pretense of title to the lands was a defense which could be set up by the real owners of the land, whom the administratrix had made defendants to her petition to sell it. This goes to the jurisdiction of the court. It is not a trial of titles, but an issue as to a jurisdictional fact. The allegation in such petitions of the decedent's ownership of the land may be denied and disproved, just as the fact of his death may be disproved. The statement is, not that James H. Dunton had a better title than the intestate, but that the latter never had any title at all.

That the sale will do no harm to the appellants is not true. They are made parties defendant to the petition, wherein it is alleged that these lands belonged to the decedent, and they are bound by the final decree. No court has the right to put a cloud on their title, and the decree and sale would have that effect at least. Moreover, the purchaser will be put in possession, and hold the land under color of title. And the appellants, being parties to the proceeding, will be bound by the adjudication of the jurisdictional fact that the decedent held the title to the land.

It has been repeatedly decided that the Probate Court cannot adjudicate title to land. The effect of that rule is that the Probate Court has no jurisdiction of the petition to sell. *Phillips* v. *McLaughlin*, 26 Miss. 598 ; *Clements* v. *Hawkins*, 8 Smed. & M. 339 ; *McRea* v. *Walker*, 4 How. (Miss.) 457.

*T. J. & F. A. R. Wharton*, for the appellee.

As the record shows there was no other evidence offered before the chancellor besides that contained in the record in this court, we submit that, in the absence of such other evidence, this court must presume that the decree appealed from was warranted by all the evidence which was submitted to the chancellor.

The decree appealed from did not, and could not, prejudice the rights of J. H. Dunton's heirs, as it directed that a sale should be made only of such right and title as W. W. Dunton had in the lands in controversy. If he had no title to such lands, this could only prejudice the rights of the purchasers at said sale, as they could acquire only such title as W. W. Dunton owned in the lands. Such sale could not operate to create a cloud upon the title of J. H. Dunton's heirs, as it could only transfer to another such right as W. W. Dunton owned, thus only substituting another person, or persons, in the room and stead of W. W. Dunton.

The Chancery Court has no jurisdiction to adjudicate upon conflicting title to lands where the parties claim to be the owners of the legal title, and have an adequate remedy in a court of common-law jurisdiction. For this reason, and because only a legal title was relied upon as having vested in J. H. Dunton's heirs, we submit that the decree was correct.

CAMPBELL, J., delivered the opinion of the court.

Heirs who are cited to answer a petition of the administrator to sell land of the intestate to pay debts may set up, as a bar to such application, any valid objection to a sale of their *estate derived by descent from the decedent,* which is all that can be affected by a decree of sale on such application; but it is not allowable for such heirs to oppose to such petition for a sale a title in themselves derived from *another source than the intestate.* Any claim of heirs not derived from the intestate is not involved in an application by his administrator to sell his land, and is not cognizable by the Chancery Court in such proceeding. A decree of sale in such case would not estop the heirs from asserting against a purchaser under such decree a title independent of that descended from the intestate, because all that the court can do by such decree is to divest the title devolved on the heirs by descent from the intestate, whose lands it is decreed shall be sold. Heirs have no interest to

oppose a decree to sell as land of their ancestor what was not his.

The policy of the law is speedy settlement of the estates of decedents, and it is not admissible to embarrass their administration by contests about titles not involved in the administration, and the exclusion of which contests will in no way harm the heirs.

Decree affirmed.