### D. GEO. HUMPHREYS v. J. H. STAFFORD.

1. CHANCERY COURT.  *Decree, when final.*

    A decree which adjudicates every thing material to the determination of the cause, and which, when executed according to its terms, will give all the relief which could be afforded, is final.

2. SAME.  *Administration of partnership.  Final decree.  Case in judgment.*

    Where, on the death of all the partners, a creditor's bill is filed, to administer the partnership and individual assets, and the creditors appear, pursuant to published notice, and present their claims, and, after a master's report thereon and the settlement of all exceptions thereto, a decree is rendered, fixing the amount due each, and directing the receiver therein appointed to realize on the assets and pay creditors in a fixed order, the decree is not interlocutory, but final.

3. SAME. *Rights of creditors. Res judicata.*

> Therefore, one who, having sold land to the firm on credit, and proved his debt in said suit, but failed to assert his lien, is precluded by the decree from afterwards asserting his equitable lien on the proceeds of the land when sold by the receiver.

FROM the chancery court of Bolivar county.
HON. W. R. TRIGG, Chancellor.
The case is fully stated in the opinion.

*Mayes & Harris,* for appellant.

The supplementary petition to which the plea of *res adjudicata* is directed is in the very case in which the decree was rendered. There had been no final decree. *Hope* v. *Hurt,* 59 Miss., 174. There is no technical *res adjudicata,* and nothing is shown to create an equitable estoppel. No one was prejudiced by the failure sooner to call attention to the lien on the land. There had been no distribution. No one had parted with any securities or changed his status on the faith of the supposed non-existence of such a lien, and matters in suit could not be disarranged by its recognition. Appellant has not slept on his rights more than the others concerned. The receiver has been in possession for thirteen years, and no distribution has been made so far as the record shows.

The creditor might either assert his lien, or receive his distributive share of the moneys of the estate. No law, however, required him to elect between these remedies. It does not appear that the question of lien was considered or adjudicated in the decree.

*Charles Scott* and *Woods & Woods,* for appellees.

The decree of November 8, 1880, fixed the rights of the creditors of Tobin & Co., giving the preference to two, and leaving all the others on the same footing. It directed a sale of the land for the purpose of paying debts. Nothing remained except for the receiver to report and be discharged. The claim here asserted is *res adjudicata.* If petitioner was

dissatisfied, he should have appealed or filed a bill of review. *Griffin* v. *Railroad Co.*, 102 N. Y., 452; *Thomas* v. *Phillips*, 4 Smed. & M., 358; *Agnew* v. *McElroy*, 10 *Ib.*, 552; *Burford* v. *Kersey*, 48 Miss., 642; *Gaines* v. *Kennedy*, 53 *Ib.*, 103; *Cocke* v. *Simmons*, 57 *Ib.*, 183; *Swan* v. *Smith*, 58 *Ib.*, 875.

COOPER, J., delivered the opinion of the court.

In the year 1879 a mercantile firm, composed of John P. Tobin, J. D. Ziegler and R. M. Wilson, and doing business under the firm name of John P. Tobin & Co., was dissolved by the death of one of its members, and, within the course of a few weeks, the other members also died.

At the time of the dissolution, the firm owned a considerable stock of merchandise and some real estate, and it held many open accounts and promissory notes, and was heavily involved in debt. The members had individual property, and were individually indebted. Among the liabilities of the firm was a debt due to Brooks, Neely & Co., which was secured by deeds of trust upon real estate and some of the personalty of the firm. Judgments had been recovered and enrolled against the firm by Keep, Raymond & Co., and by Cyrus Bussy & Co.

In December, 1889, Sarah A. Wilson, suing in her own behalf and in behalf of such other creditors of the firm of John P. Tobin & Co. as might become parties thereto, exhibited her bill in the chancery court of Bolivar county, praying for the administration and distribution of the assets of said firm, and for the appointment of a receiver therefor. The bill states that since the death of the members of the firm of Tobin & Co., the trustee in the deeds executed to secure the debts of Brooks, Neely & Co. had collected and shipped to said firm large quantities of cotton, covered by said deeds, and that probably the entire debt had been discharged from the proceeds thereof; that it was not desired to interfere with the execution of said trust-deeds, but that it would be necessary for said trustee and the firm of Brooks, Neely &

Co. to account for the property received by them, for which reason only they were made defendants to the bill.

On the filing of the bill, an order of publication was made, requiring all creditors of the firm of Tobin & Co. to appear before the master, and establish their demands, and a receiver was appointed to take charge of the entire assets of said firm. In compliance with this order, many creditors of the firm appeared and presented their demands. Indeed, so far as the record discloses, all creditors so appeared. The master made his report to the court, showing the names of the creditors who had propounded their claims, and the sums and character of the respective claims. Certain exceptions were filed to this report, and, among them, one by the appellant, based upon the refusal of the master to allow the claim he had presented for its full amount. The exception of appellant was sustained, and thereupon the master made a supplemental and amended report. Upon the original and amended reports, the court then proceeded to make a decree, which, in effect, directed the receiver to pay, in the order of their priority, the judgments in favor of Keep, Raymond & Co., and of Cyrus Bussy & Co., which were declared preference claims; then to pay in equal proportion all other of the proved and allowed claims, setting off against any of such claims any amounts appearing on the books of Tobin & Co. as charges, and, in case of any controversy as to the validity of such offsets arising, to make no payment to such party until the adjustment thereof could be made. It was further ordered that certain claims propounded by W. and R. M. Wilson should not be paid until all other claims allowed should be first paid. This order was made on the eighth day of November, 1880.

In May, 1881, the receiver applied to the court for an order to sell certain real estate belonging to said firm of Tobin & Co., among which was the east half of section thirty-one, township twenty-four, of range six west, in Bolivar county. The order was made, and, in pursuance thereof, the sale was

made and reported and confirmed. The land above described brought at such sale the sum of three hundred and ninety-five dollars, which sum was paid to the receiver, and is yet in his hands.

In September, 1888, the appellant presented his petition to the court, in which he states that he sold to Tobin & Co. the east one-half of section thirty-one above described; that the purchase-price thereof was never paid, but was represented by the notes proved and allowed against the estate of Tobin & Co., and for the payment of which a lien was reserved in the conveyance to Tobin & Co.; that the land had been sold by the receiver under an order of the court, and its proceeds yet remained in his hands. The prayer is that the right of the petitioner to this fund be recognized, and the receiver directed to make payment thereof to him on account of his proved claim.

To this petition the receiver and all the other creditors of Tobin & Co. answered, setting up the decree of date November 8, 1880, hereinbefore referred to as a final and conclusive adjudication of the rights of the petitioner and of the other creditors of Tobin & Co. to participate in the distribution of the proceeds of the partnership. On hearing, the court dismissed the petition, and Humphreys prosecutes this appeal.

The single question presented by this appeal is whether the decree of November 8, 1880, is final or interlocutory. If the decree is an interlocutory one, the appellant presents a perfect equitable right to the fund in court; but if it is a final decree, the court is powerless to afford relief. That the decree is final, and therefore conclusive of the rights of the parties, we entertain no doubt.

All creditors appearing under the decree to prove their claims became parties in interest in the cause, and, as such, each was entitled not only to prove his own claim, but to contest with other creditors the validity of claims presented by them. 2 Danl. Ch. Prac., 1210, note 4, and authorities there cited. Being parties to the proceeding, they are bound

by subsequent orders and decrees according to their nature and effect.

It is often found difficult to assign a decree to its proper class as final or interlocutory, because of the slight gradations by which interlocutory decrees approach those which are final, the difficulty being not so much in determining what is a final decree as of distinguishing when they possess the elements which bring them within the class.

In *Cocke's Adm'r* v. *Gilpin*, 1 Rob. (Va.), 20, Judge Baldwin sought to establish a criterion by which the difficulty was to be solved, and declared that "where the further action of the court *in* the cause is necessary to give completely the relief contemplated by the court, then the decree upon which the question arises is to be regarded not as final, but interlocutory. I say the further action *in* the cause to distinguish it from that action of the court which is common to both final and interlocutory decrees, to wit; those measures which are necessary for the execution of a decree that has been pronounced, and which are properly to be regarded as adopted, not in, but beyond the cause, and as founded on the decree itself or mandate of the court, without respect to the relief to which the party was previously entitled upon the merits of his case."

Having established his test, the learned judge proceeded to apply it to the case before the court, and concluded that the decree under examination was interlocutory, and not final, and so thought the majority of the court; but Judge Brooke dissented, and, accepting the test proposed by Judge Baldwin, thought the decree final in its nature, and that his brethren were, in effect, overruling *Harvey et ux.* v. *Branson*, 1 Leigh, 108, in which we think Judge Brooke was right.

We are unable to perceive any matter left undetermined by the decree in this case, made on the master's report, which was material to the determination of the cause. The decree found who were the creditors of the firm of Tobin & Co., the amounts of their respective claims and the order in

which they should be paid. If executed according to its terms, all the relief which could be afforded would be given; and where this is shown, the decree must, we think, be held to be final. *Cook's Heirs* v. *Bay*, 4 How., 485; *Torrence and Snider* v. *Kerr*, 27 Miss., 787; *Ledyard* v. *Henderson*, 46 *Ib.*, 260; *Cromwell* v. *Croft*, 47 *Ib.*, 44; *Harvey* v. *Branson*, 1 Leigh, 108; *Neall* v. *Hill*, 16 Cal., 145; 76 Am. Dec., 508; *Clark* v. *Dunnam*, 46 Cal., 204; *Evans* v. *Dunn*, 26 Ohio St., 439.

*The decree is affirmed.*