MATT T. SOWELL ET AL. v. JOHN L. SOWELL ET AL.

[57 South. 626.]

1. DECISIONS REVIEWABLE.  *Interlocutory decree.  Time for appeal.*
    *Code of* 1906, *Sec.* 35.
    A decree ordering a sale of lands for partition is an interlocutory
    decree.

2. APPEAL AND ERROR.  *Time for Appeal.  Code of* 1906, *Sec.* 35.           .
    Under section '35, Code of 1906, if an appeal is desired from an in-
    terlocutory decree, such appeal "must be applied for within ten
    days after the date of the decree complained of."  An appeal sub-
    sequently taken will be dismissed.

APPEAL from the chancery court of Panola county.
HON. D. M. KIMBROUGH, Chancellor.
Suit by Matt T. Sowell et al. against John L. Sowell
et al.  From a judgment ordering sale of lands for par-
tition, defendant appeals.

The appellee filed a bill in chancery against appel-
lants, alleging that they were tenants in common of cer-
tain lands described in the bill, and praying for a sale
of said lands, for a division of the proceeds among the
owners according to their respective interests.  Appel-
lants who were defendants below, answered, denying that
appellees, complainants below, owned any interest what-
ever in the land.  Upon the hearing the chancellor en-
tered a decree in favor of complainants, and ordered the
lands to be sold for a division of the proceeds, and ap-
pointed the chancery clerk as special commissioner of
the court to make the sale in accordance with the terms
of the decree and report his actions to the next term of
the court after such sale, or to the chancellor in vaca-
tion.  No appeal was obtained at the time, and the de-
cree grants no appeal.  Neither was a decree asked with-
in ten days after the rendition of the decree, to wit, Feb-

ruary 1, 1911. Afterwards, on March 25, 1911, the appellants filed a petition with the chancery clerk, praying an appeal with *supersedeas.*

When the case reached the supreme court, appellees filed the following motion: "Now come appellees, by their solicitors, and move the court to dismiss the appeal in this case, discharge the *supersedeas* herein granted, and for an order directing the special commissioner appointed by the court below to proceed to carry out the mandates of said decree, and for grounds for said motion say: (1) This is an appeal from an interlocutory decree of the chancery court, and no appeal was granted by the chancellor in term time, nor in vacation within ten days after the date of the decree complained of, in order to settle the principles of the case, or to avoid expense and delay. (2) No appeal has been granted by the chancellor, either in term time or in vacation, for any purpose whatsoever, and none applied for."

*L. F. Rainwater,* for appellants.

The decree in the case at bar adjudges complainants and defendants to be tenants in common of the land, declares the deed under which defendants claim exclusive title null and void, and directs the clerk and master to cancel the same upon the records in his office, and decrees that defendants pay the costs; in fact adjudicates everything in controversy, leaving only the confirmation of the sale which, under the decree, may be done in vacation and concerning which there is no controversy.

I respectfully submit that under the definition of a final decree as announced by this court in the case of *Humphreys* v. *Stafford,* 71 Miss. 135, quoted *supra,* this decree is final.

It is true that in ordinary suits for partition where the rights of the parties are not finally adjudicated, but reserved until the coming in of the commissioner's report, the first decree is interlocutory; but when the

rights of the parties had been·adjudicated in the first
decree, it is final.   71 Miss. 135; 5 Am. & Eng. Ency.
Law (1 Ed.), 373, and note, title Partition; *Whiting* v.
*Bank*, 15 Peters, U. S. 9; *French* v. *Shoemaker*, 12 Wal-
lace, U. S. 98.

In this latter case (12 Wallace) the court uses this
language: "A decree of foreclosure and sale of mort-
gaged premises is a· final decree, and that ·the defend-
ant is entitled to his appeal without waiting for the re-
turn and confirmation of the sale by a decretal order,
upon the ground that the decree of foreclosure and sale
is final as to the merits and that the ulterior proceed-
ings are but a mode of executing the original decree."

So in 5 Am. & Eng. Ency. Law, cited *supra*, 373, it is
stated, "A final decree is  one which determines the
rights of the parties in the suit or an independent branch
of it," and in the note under the title Partition, same
page, it is stated: "But when the first decree in par-
tition settles the rights of the parties it is final."   See,
*Ansley* v. *Robinson*, 16 Ala. 793; *Benton* v. *Campbell
Heirs*, 2 Dana Ky. 421; *Damouth* v. *Klock*, 28 Mich. 163.
None of the authorities cited by counsel for the motion
are applicable to the facts in the case at bar.   In the
case of *Gilleylen* v. *Martin*, 73 Miss., cited by counsel,
the decree directed a partition to be made by the ·com-
missioners if it can be fairly and equitably done, and, if
not, they are directed to so report to the next term of
the court.   It also directed the assignment of dower.
The rights of the parties had not been adjudicated, and
it did not appear that partition could be made, but the
whole matter was·still held in abeyance until the com-
ing in of the report.

In the case of *Beeks* v. *Rye*, 77 Miss., cited by counsel
there was no controversy upon the hearing of the origi-
nal petition; in fact none of the parties defendant ap-
peared.   It was an ordinary proceeding in partition, the
decree directing a sale on a twelve months' credit, and

directing the costs to be paid out of the proceeds of sale. It provided that the executor's solicitors be allowed a reasonable fee, the same to be fixed on the coming in of the report, and "that the remainder of the proceeds of said property be distributed in accordance with the interests of defendants as shown in said petition," and the executor was directed to report all his actings and doings, etc.: A will was filed with the petition as a part thereof, the will being a part of the petition and pointing out who the parties were to whom distribution should be made, and all matters in controversy being thus left open until the final decree, it was interlocutory.

The case of *Sweatman* v. *Dean,* cited by counsel, in which the opinion was rendered by Cox, special judge, was a proceeding for partition in kind, which did not attempt to divest title out of the parties nor cancel any muniment of title, and it does not appear that the claim of Sweatman was even litigated in the original proceeding, but that he did not offer any proof to his claim until the coming in of the report of the commissioners appointed to make partition. We are led to this conclusion from the fact that when he offered his evidence, viz.: 1st Bill for partition in cause No. 1367. 2d. Decree of sale. 3d. Report of sale. 4th. Confirmation decree. The court excluded all of it, overruled his exceptions and set off the lands in severalty according to the report of the commissioners. A decree for sale of land, divestiture of title and cancelling the muniment of title is quite different from an ordinary proceeding for partition in kind, where all the parties remain *in statu quo* until the final decree of confirmation of title. The court in that case, *Sweatman* v. *Dean,* referring to the case of *Norris* v. *Callahan,* says: "The decree in that case was for a sale of lands to pay debts of testator. It was a final decree. It would not be open by exceptions to report of sale." But the court, Campbell, Judge, in the case of *Norris* v. *Callahan,* does not restrict it to sales to pay debts, but says, page 143: "It is not

allowable on exceptions to a report of sale made under a decree of the court to show error in the decree. Parties summoned to answer a petition to sell land should then present their defense, and will not be permitted to remain silent and, after a sale made and reported, come in and show cause against the decree for a sale.'' If the decree for sale of land to pay debts was a final decree as said by the court in *Sweatman* v. *Dean*, referring to the case of *Norris* v. *Callahan*, then surely the decree in the case at bar was a final decree. It would require a logician of extraordinary powers to differentiate the two cases on principle.

Under the Act of 1910, p. 93, Sheet Acts, it is not necessary for the court to grant an appeal in any case where the evidence is taken down by the stenographer.

*Shands & Montgomery,* for appellees.

The decree of the court in this case ordering the lands in question to be sold for a division of proceeds among complainants and defendants, appointing a special commissioner for the purpose of making said sale, directing the said special commissioner to make sale and to report his proceedings on a day and date fixed by the court for a final hearing and specifically reserving all other questions for determination on the final hearing, is an interlocutory decree, and may be modified or vacated by the court at any time before final decree, the decree confirming the sale for division, is made: *Gilleylan* v. *Martin,* 73 Miss. 695; *Beeks* v. *Rye,* 77 Miss. 358; *Sweatman* v. *Dean,* 86 Miss. 641; *Gudgell* v. *Mead,* 40 Am. Dec. 120, 60 Am. Dec., note 11, p. 434, 15 Ency. Plead. & Prac., p. 810.

No order was obtained by appellants from the chancellor in term time, nor in vacation within ten days after the date of the decree complained of, granting an appeal ''in order to settle the principles of the case, or to avoid expense and delay,'' as provided by section 35, Mississippi Code, 1906.

No appeal lies from an interlocutory decree of the chancery court, without first having obtained such an order from the chancellor granting the appeal. The clerk of the court has no power to grant an appeal from an interlocutory decree. Section 35, Mississippi Code of 1906; *Gilleylan* v. *Martin,* 73 Miss. 695; *Beeks* v. *Rye,* 77 Miss. 358; *Sweatman* v. *Dean,* 86 Miss. 641.

Wherefore, appellee respectfully ask that appellants' appeal herein be dismissed, the *supersedeas* herein granted be discharged, and the special commisioner appointed by decree of the court below herein be directed to proceed to carry out the mandates of said decree.

MAYES, C. J., delivered the opinion of the court.

It is our judgment that the decree rendered in this case is an interlocutory and not a final decree. For this reason, this case was dismissed on motion of appellees. The case is again before the court on suggestion of error. That the decree in this case is an interlocutory and not a final decree is settled by the cases of *Gilleylan* v. *Martin,* 73 Miss. 695, 19 South. 482; *Beeks* v. *Rye,* 77 Miss. 358, 27 South. 635, and *Sweatman* v. *Dean,* 86 Miss. 641, 38 South. 231.

Under section 35 of the Code of 1906, if an appeal is desired from an interlocutory decree, it is required that the appeal "be applied for within ten days after the date of the order or decree complained of." In this case, a compliance with this statute was not attempted on the part of appellants, and, of course, this appeal must be dismissed.

The suggestion of error is overruled.

McLEAN, J., dissents.

*Dismissed.*