BLUM v. PLANTERS' BANK & TRUST CO. OF OPELOUSAS, LA.

(Division A. June 10, 1929.)

[122 So. 784. Nos. 27815, 27816.]

*S. B. Thomas*, of Greenville, for appellant.

*W. A. Parsons,* of Summit, for appellant.

804

*Percy & Percy,* of Greenville, for appellee.

Argued orally by *W. A. Parsons* and *S. B. Thomas,* for appellant, and by *D. S. Strauss,* for appellee.

McGOWEN, J., delivered the opinion of the court.

By agreement of the parties, these two causes have been submitted together, and we shall in this one opinion dispose of a motion to dismiss the appeal, and of the two appeals on their merits.

## ON MOTION TO DISMISS APPEAL.

In this cause it appears that Mrs. Jennie S. Blum, the appellant, was summoned as a party in interest on a petition of a creditor to sell land to pay debts; such proceeding being authorized by section 1813, Hemingway's 1927 Code (section 2070, Code 1906). The appellant filed an answer denying that the personalty was insufficient to pay the debts of the decedent, and also a cross-petition in which she alleged that the decedent, her son, whose estate was being administered, had acquired the title to the land involved from her, and had not paid anything therefor by virtue of his agreement to pay her a considerable sum of money. In the cross-petition the appellant alleged that she had an equitable vendor's lien for the purchase price unpaid. The chancellor dismissed the cross-petition heard, took no proof, according to the stenographer's notes, and entered a decree that two thousand acres of land be sold to pay a debt amounting

to less than eight thousand dollars. There were, however, other debts amounting to about three thousand five hundred dollars. The record shows that there was personal property in the form of mortgage notes on property situated in the state of New York, and that is all that the record does disclose; the issue being joined absolutely upon the proposition that there was sufficient personal property to pay debts, and that it was unnecessary to sell the land, a Delta plantation, to pay the debts. The court accordingly decreed that the personalty was insufficient to pay the debts, and that a part of the two thousand acre tract of land could not be sold without prejudice to the heirs of the devisee, but struck the cross-petition, to enforce the purchase-money lien of Mrs. Jennie Blum, from the files on motion of the creditor. The appellant made no request of the court for an appeal with *supersedeas,* but, more than thirty days after the entry of the decree in this case, and less than six months thereafter, she filed in the chancery clerk's office of Washington county a *supersedeas* bond for appeal to this court.

The motion is to dismiss the appeal, because the decree ordering the sale of the land is "interlocutory, and not final."

We think the decree in the case was final. It terminated, so far as the appellant is concerned, every right which she had. It is true that there was to be a sale in order to carry out the terms of the decree, and a confirmation of the sale by the court, but appellant's right to have the personalty exhausted, if it was sufficient to pay the debts, was finally determined, as it was likewise finally determined that all of the two thousand acres of land should be sold to pay this debt, and that the sale of it would not be to the manifest prejudice of the heirs at law.

In *State ex rel. Brown* v. *Sawmill Co.,* 119 Miss. 442, 81 So. 124, this court held that a decree adjudicating

everything material, and which, when executed, will give all the relief that could be afforded, is final. Also see *Humphreys* v. *Stafford*, 71 Miss. 140, 13 So. 865; *Barrier* v. *Kelly*, 81 Miss. 266, 32 So. 999; and Griffith's Miss. Chancery Practice, p. 683, section 609. In the instant case, every issue was finally determined by the court, and it only remained for the decree to be executed.

In *Smith* v. *Denson*, 2 Smedes & M., 326, the syllabus states:

"The probate court is clothed with a discretion in granting orders for sale of real estate of decedents, and when the order has been made, it seems, that the question of its propriety or authority should be closed."

In this case there had been a decree ordering the sale of lands to pay debts. The sale had been conducted, and the purchaser at the sale interposed objection to the land being sold because of defects in the initial order adjudicating that the personalty was insufficient to pay the debt. The lower court dismissed his petition. The principal ground which Smith, the petitioner, relied on for attacking the former decree of the probate court, was that the personal estate was not insufficient to pay the debts. Chief Justice SHARKEY, speaking for the court therein, said:

"On an application to sell land, the probate court is clothed with full power to hear the proofs of the administrator and other persons, and after such hearing, may order a sale of land if it should be deemed necessary. H. & H. Digest, 408, section 77. The law seems to place this question entirely at the discretion of the court, and when the court has settled that matter by ordering a sale, it does seem that that question should be closed. In this instance, even if we were disposed to question the determination of the court, there is no proof which would authorize us to do so."

Perhaps the strongest case for movant's position is the case of *Sowell* v. *Sowell*, 101 Miss. 623, 57 So. 626,

wherein this court held that a decree ordering a sale of land in a partition proceeding was interlocutory, and not a final decree, citing the cases of *Gilleylen* v. *Martin,* 73 Miss. 695, 19 So. 482; *Beeks* v. *Rye,* 77 Miss. 358, 27 So. 635; *Sweatman* v. *Dean,* 86 Miss. 641, 38 So. 231. The instant case is differentiated, in that the decree ordering the sale of land to pay the debts is final and conclusive as to the parties in interest, and there is no other or further day for them to appear in court and resist the sale. All that remains is the execution of the decree. Appellant did not have to comply with, or prosecute her appeal in accordance with, section 9, Hemingway's 1927 Code (chapter 151, Laws of 1924).

*The motion to dismiss the appeal is overruled.*

### No. 27815—On the Merits.

Mrs. Blum, the appellant, prosecutes an appeal here from the decree ordering the sale of land to pay debts, and insists that there was no proof to sustain the petition that the personalty was insufficient to pay the debts. No evidence was offered according to the stenographer's notes, and the record, as a whole, shows that the personal property was in excess of the amount of the probated claims. The parties in interest in answering denied that the personalty was insufficient to pay the debts, and thereupon it was incumbent upon the creditor who filed his petition to sell the land to pay the debts under section 1813, Hemingway's 1927 Code (section 2070, Code 1906), to allege and prove that the personalty was insufficient to pay the debts; and the decree should have been granted in accordance with section 1812, Hemingway's 1927 Code (section 2096, Code 1906). The latter section specifically states that the court shall hear the evidence and examine the allegations in support of the petition. There was no allegation as to whether or not the sale of all the lands was to the interest of the heirs and legatees and parties in interest. In this case the son and widow, con-

stituting the heirs at law of the decedent, had conveyed this real estate, after the death of the father and husband, to his mother, Mrs. Jennie S. Blum, and she thereby became vested with all of the rights of an heir at law by their deed. Mrs. Blum had no interest in the personal estate, but the heirs at law still owned the personal estate after payment of debts and court expenses and fees. Could an heir at law after the death of the intestate convey his land, and then have the land subjected to the payment of debts, thereby relieving the personal estate so that it, the personalty, would come to him free from burden of debt? To ask the question is to answer it. We think the court should have heard the evidence on the issue made by the pleadings.

It is next contended that nowhere does it appear that it was necessary to sell a valuable delta plantation, probably worth two hundred thousand dollars to pay debts in but little excess of eleven thousand dollars. The stenographer made the record. There were no objections made or exceptions taken to it, and on this record we are unable to see how the chancellor found as a fact that it would not prejudice the interest in the land of Mrs. Blum, the vendee of the heirs at law, to have the land sold, thereby relieving the personal estate of the burden of debts. On the hearing and making of the record in this case, it may be that the court was correct, but it is very difficult to so understand it from the record before us. Section 1822, Hemingway's 1927 Code (section 2079, Code 1906) requires that the parties interested shall be cited in this kind of proceeding; and the appellant, Mrs. Blum, was vitally interested. The subject-matter of her cross-petition and the relief sought therein are authorized by section 1819, Hemingway's 1927 Code (section 2076, Code 1906).

It is true that this is a probate matter, but her petition to establish a vendor's lien superior to the rights of creditors had as much standing in court as the petition of the

creditor to sell the land to pay debts. It was essential that the court should adjudicate, upon proof, the question of whether or not an equitable vendor's lien existed in favor of Mrs. Blum on these lands, and whether or not, if such lien existed, was it paramount to the claim of the general creditor. There could be no fair sale of the land with these matters unsettled. Though denominated a cross-petition, if we should treat it as a separate petition authorized by the section of the Code, *supra,* would the probate court be without power to combine the causes in order to ascertain the liens and priorities of the parties in interest when it had all parties before it? The case of *Gill* v. *Shirley,* 55 Miss. 814, has no relation or connection with the enforcement of the vendor's lien, as provided for in section 1819. In order to expedite its business, the chancery court, in a probate matter, had the right to draw all the parties claiming such liens into the proceeding and dispose of it as speedily as possible in the interest of justice. We do not refer to the petition in its entirety as to irrelevant matters, and, as we see it, it did not seek the trial by the probate court of a title to land adverse to the decedent, and, in so far as the petition sought to set up an adverse title, was mere surplusage. The case of *Gill* v. *Shirley* would perhaps apply as to an adverse claim of title, but that is unnecessary to be decided, for the reason that there was ample in the petition to set up a claim for the lien for the purchase money as described by the statute. Whether such a lien existed or not should have been tried by the court on the facts, and should not have been dismissed on a motion. The fact should have been determined along with the other issues raised by the pleading. To do otherwise would chill the bidding, and the parties to this cause would not know how to protect their interest at a public sale of lands. This cause is therefore reversed and remanded.

*Reversed and remanded.*

## No 27816—On the Merits.

After the proceedings had been concluded, and after the *supersedeas* bond had been executed, the creditor and commissioner named by the court to sell the lands ignored the appeal with *supersedeas,* and proceeded to advertise the land. Thereupon the appellant, Mrs. Blum, filed her bill in equity, asserting that she had a vendor's lien; that she had conveyed these lands in controversy to her deceased son on his promise, a few months before his death, to secure for herself a considerable sum of money as part payment of the land; and that he died before his arrangements had been completed. She prayed for a temporary injunction enjoining the sale of the land on the ground that she had prosecuted an appeal from the decree of the chancellor denying her rights in cause No. 27815. On the motion to dissolve the temporary injunction, the chancellor sustained it, but granted an appeal to this court with *supersedeas.*

In view of what we have already said, it is manifest that the chancellor should not have dissolved the injunction. There are many interesting questions raised which we do not now deem it wise or proper to consider until the lower court has had an opportunity to hear the cause on the entire record, so we shall pretermit a decision of the other questions presented until there shall have been a trial of the proceedings to sell the lands to pay debts and it has been determined whether or not Mrs. Blum has a vendor's lien, whether the personalty is insufficient to pay the debts, and whether it is necessary to sell all of the lands at all events, if it should be held that Mrs. Blum has no vendor's lien. Until these questions have been presented to the lower court and decided, we prefer not to enter upon a discussion which might prove both futile and unnecessary when the proof comes in.

*Reversed and remanded.*