BLUM *v.* PLANTERS' BANK & TRUST CO.

(Division A. June 15, 1931.)

[135 So. 353. No. 29031.]

**S. B. Thomas**, of Greenville, for appellant.

W. A. Parsons, of Summit, and J. H. Price, of Magnolia, for appellant.

Percy, Strauss & Kellner, of Greenville, for appellee.

Argued orally by **S. B. Thomas** and **W. A. Parsons**, for appellant, and by **D. S. Strauss** and **Ernest Kellner**, for appellee.

**Cook, J.**, delivered the opinion of the court.

Lawrence Blum died testate in Washington county, Mississippi, owning, at the time of his death, the legal title to about two thousand acres of land, known as the Mounds Plantation, which was formerly owned by the deceased's father and one Nathan Goldstein. His estate was being administered in the chancery court of Washington county, when the appellee, Planters' Bank & Trust Company, a creditor of the estate, filed in said proceedings a petition, under the provisions of section 1693, Code 1930, alleging that the personal property of the estate was insufficient to pay the debts, and praying for the sale of the aforesaid lands to pay the debts of the estate. The appellant, Mrs. Jennie S. Blum, who was made a party to this petition, filed an answer denying that the personalty was insufficient to pay the debts of the decedent, and denying that the said lands belonged to the estate of Lawrence Blum, deceased, or that the same were liable for the payment of his debts, and made her answer a cross-bill, or petition, in which she alleged that she and her children, including Lawrence Blum, acquired the said land by inheritance from her husband, Abe Blum; that on the 5th day of April she and her children, other than Lawrence Blum, entered into a contract with the said Lawrence Blum whereby they agreed to convey to him the aforesaid lands upon certain conditions and considerations expressed in said contract, among which was the obligation on the part of Lawrence Blum to borrow the sum of sixty-five thousand dollars, secured by first mortgage on said land, and to pay to the appellant the said sum of sixty-five thousand dollars, and to execute a second mortgage on said land for one hundred

thirty-five thousand dollars in favor of the appellant and her children, Herman Blum and Minette Sendonia Moyse, as beneficiaries, to secure their equities in said property; that the appellant and her children performed their part of this contract by executing to the said Lawrence Blum a deed conveying to him the said land in accordance with the provisions of this contract, in which said deed they procured Nathan Goldstein, who owned a half interest in said land, to join, but that the said Lawrence Blum, on account of his unexpected death, failed to execute the said first mortgage and pay to the appellant the sum of sixty-five thousand dollars, and failed to execute the mortgage or deed of trust for one hundred thirty-five thousand dollars, as provided by said contract.

This petition further averred that, since the death of the said Lawrence Blum, his heirs at law, and the said Herman Blum and Minette Sendonia Moyse and Nathan Goldstein had executed and delivered to the appellant a deed conveying to her all their right, title, and interest in and to said land, that the appellant was in equity entitled to said land, or, in lieu thereof, a lien thereon to secure the payment of two hundred thousand dollars due her by Lawrence Blum as the purchase price of said land, as shown by the aforesaid contract, and prayed that the appellant's title to said land be confirmed, or that she be decreed to have a claim against the estate of the said Lawrence Blum, deceased, secured by a first lien on said land, and that the land be sold to satisfy said lien and all costs of the proceedings.

Upon the hearing of the cause, the court held that the rights of the appellant in and to the lands could not be adjudicated in this proceeding, and dismissed her cross-petition; and from that decree she appealed to this court. On that appeal it was held that the court below should have adjudicated on proof, the issues presented by the pleadings, and the cause was remanded for further hear-

ing on the cross-petition. 154 Miss. 800, 122 So. 784. At the hearing of this cross-petition, upon the proof offered in support thereof, the court held that the claim of the appellant to an equitable lien on the land was without merit, and that the liens of creditors were superior to any claim of title to the land asserted by her; and the lands were ordered to be sold for the purpose of paying the debts probated against said estate; and from that decree the present appeal was prosecuted.

The consideration recited in the warranty deeds conveying the aforesaid lands to Lawrence Blum is "ten dollars cash in hand paid, and other good and valuable consideration," while the contract above referred to, and upon which the asserted right of the appellant to an equitable lien on the lands rests, and which is signed and acknowledged by all the parties named therein as parties thereto, is as follows:

"This contract made and entered into this the —— day of ——, 1927, by and between Mrs. Jennie S. Blum, Herman Blum and Abbie J. Blum, his wife, of New Orleans, Louisiana, Minette Sendonia Moyse and Joseph L. Moyse, her husband of New York, New York, parties of the first part, and Lawrence Blum, of Greenville, Washington county, Mississippi, party of the second part, witnesseth:

"The parties of the first part by virtue of this instrument, do hereby agree and bind themselves to execute a deed to the party of the second part to the following tract or parcel of land lying and being situated in the county of Washington, state of Mississippi, and being more particularly described as follows, to-wit: (Description of land omitted).

"And the party of the second part in consideration of the conveyance to him by parties of the first part of the above described land, does hereby agree and bind himself to perfect a loan upon said property in the sum of sixty-five thousand dollars. said loan to be procured from

Bolton Smith & Company, a commercial firm of Memphis, Tennessee, and to run for a period of ten years from the date thereof, said loan to constitute a first mortgage or deed of trust against the above described property, and the net proceeds of said loan to be deposited to the credit of Mrs. Jennie S. Blum of New Orleans, wherever she may specify, and the said party of the second part shall be furnished from time to time by said Mrs. Blum the necessary funds to operate the property aforesaid as the agent of Mrs. Blum and the other parties of the first part; and in addition thereto the party of the second part does hereby agree and bind himself jointly with his wife, Lillie A. Blum, to execute and deliver to parties of the first part a deed of trust in the sum of one hundred thirty-five thousand dollars to be secured by the above-described property and to constitute a second mortgage thereon, however, it is understood and agreed between the parties hereto that no cash consideration or transfer of cash or securities shall take place or transpire between the parties hereto by virtue of said mortgage in the sum of one hundred thirty-five thousand dollars and said second mortgage shall run for a period of ten years from the date thereof, and that the total sum shall fall due at that date and the same shall bear interest from date until paid at the rate of six per cent per annum, this second mortgage being executed by the party of the second part to parties of the first part for the purpose only of securing to them their equity in the herein described property, and it is distinctly understood by and between the parties hereto that no interest shall be collected thereon, and it is further understood between the parties hereto that in the event a sale should be made of the property herein described for a price in excess of the first deed of trust in the sum of sixty-five thousand dollars herein specifically described and the second deed of trust in the sum of one hundred thirty-five thousand dollars herein specifically described, combined,

making a total of two hundred thousand dollars, that the parties of the first part shall share and share alike, according to their several equities in the property herein described, in the proceeds of any sums of money received from the sale of said property in excess of the combined total of the two deeds of trust herein specifically described, in addition to their equities in the one hundred thirty-five thousand dollar mortgage.

"The parties of the first part do hereby agree and bind themselves to party of the second part to bear any loss in proportion to their equity in the above described property along with the party of the second part in the event that the deed of trust in the sum of sixty-five thousand dollars to be executed by the party of the second part and his wife to Bolton Smith & Company, described aforesaid, should for any reason be foreclosed and suit be entered by Bolton Smith & Company against the party of the second part and his wife for any difference between the sale price of the property under and by virtue of the foreclosure and the actual amount of the indebtedness at that time due and owing by party of the second part and his wife to the said Bolton Smith & Company, or the then holder and owner of the mortgage, under and by virtue of the terms of said deed of trust.

"Parties of the first part do hereby agree and bind themselves to enter satisfaction of record and cancel that deed of trust in the sum of one hundred thirty-five thousand dollars to be executed by the party of the second part and his wife to them on the within described land above referred to, which is to be a second deed of trust and junior to the one referred to herein in the sum of sixty-five thousand dollars, upon the condition that in the event the sixty-five thousand dollar deed of trust is paid off in full by the party of the second part within a period of ten years and in the further event that the parties of the first part are fully satisfied by the party of the second part as to their several equities in the within described property.

"That the parties of the first part, upon the execution of this contract and agreement between themselves and the party of the second part, do hereby agree and bind themselves to execute and deliver to party of the second part a warranty deed conveying the within described property to the party of the second part and the party of the second part does hereby agree and assume the payment of all taxes assessed against the within described property for the year 1927 and the years thereafter until the due date of the second mortgage in the sum of one hundred thirty-five thousand dollars herein above specifically referred to and the final settlement of the equities between the parties hereto, which date is fixed and agreed upon as being the due date of said second deed of trust above specifically described.''

In support of the decree of the court below, the appellee contends that it was not permissible to show by parol that the deed conveying the lands to Lawrence Blum was executed under the terms of the aforesaid contract, and that the consideration was other or different from that stated in the deed. The deed does not purport to set forth the true consideration, in that it recites that the execution thereof was in consideration of ten dollars and other consideration, good and valuable; and the statement of a consideration both good and valuable does not impress upon the title the character of a deed of gift. It is the statement of a fact, and it is the established rule that the true consideration of a deed of conveyance may be inquired into and shown by parol evidence when the change in, or explanation or contradiction of, the expressed consideration does not change or defeat the legal operation and effect of the deed, and does not in any way affect the convenant of the grantor or grantee, and neither enlarges nor limits the grant. 27 C. J., pp. 1169 and 1557. It was entirely permissible to show by parol that the true consideration for the deed was expressed in a written contract between the parties;

and the testimony offered did not in any way seek to alter, vary, or change the terms of the written contract, and no error was committed in permitting the true consideration to be shown.

The appellant assigns as error the action of the court below in denying her an equitable lien on the aforesaid lands to secure the payment of the purchase money and the discharge of the equities and obligations mentioned and set forth in said contract.

By the terms of the contract, the appellant and her children, other than Lawrence Blum, obligated themselves to convey by warranty deed to Lawrence Blum the lands here involved, while Lawrence Blum, in consideration of this conveyance to him of this property, agreed and obligated himself to pay to the appellant sixty-five thousand dollars in cash, which sum was to be borrowed from Bolton Smith & Co. on the security of a first mortgage on the lands, and also to execute in favor of his grantors a second mortgage upon the said land. It is shown that the beneficiaries named in the contract performed the obligations resting upon them thereunder by conveying the lands to Lawrence Blum by warranty deed, and the consummation of the arrangement, and the execution of the liens and payment of money in accordance with the obligations of the contract, on the part of Lawrence Blum, was prevented by his death. By this contract, Lawrence Blum agreed and obligated himself to execute a mortgage in favor of the named beneficiaries on all the lands conveyed to him, and the entire interest therein, and also to execute a mortgage to Bolton Smith & Co. to secure sixty-five thousand dollars in cash, to be paid to the appellant; and in the case of Petrie's Executors et al. v. Wright, 6 Smedes & M. 647, Chief Justice SHARKEY, speaking for the court said: "When a party agrees to make a security in future, that is construed in equity as an equitable mortgage." In 41 C. J., p. 300, section 47, the same rule is announced in the following language:

"Under the maxim that equity regards that as done which ought to be done, a contract or agreement whereby a party promises in the future to execute and give a mortgage on specific property, if it is unambiguous and founded on a sufficient consideration, and identifies the property to be charged with due certainty, will be treated in equity as equivalent to the creation of the mortgage itself and will be enforced as a specific lien on the property described."

The same doctrine was applied in the case of Stark v. Fulton et al., 136 Miss. 637, 101 So. 857, wherein it was held that, "where a valid mortgage is executed upon property and an agreement is made between the mortgagor and mortgagee that the mortgagee will cancel the deed of trust of record, on the agreement of mortgagor to apply money to be procured by another loan on the debt and to execute a second deed of trust on the property embraced in the original deed of trust, and the loan is procured in accordance with the agreement and applied by the mortgagor on the debt, and the mortgagee cancels the deed of trust, after which the mortgagor refuses to execute the second deed of trust, equity will protect the interest of the original mortgagee by decreeing a lien upon the property subordinate to the deed of trust by which the loan was procured."

By the contract between the parties, Lawrence Blum agreed and promised to execute a mortgage to secure the payment of one hundred thirty-five thousand dollars, to protect the equities of the beneficiaries in the said lands, and his agreement so to do will be treated in equity as equivalent to the creation of the mortgage itself; and, since the beneficiaries named in the contract agreed that Lawrence Blum would be permitted and required to negotiate a loan of sixty-five thousand dollars from Bolton Smith & Co., to be secured by a first mortgage on the land, on the express condition that the money derived thereby should be paid to the appellant, equity will

create and preserve a lien to secure the said sum of sixty-five thousand dollars, to be likewise enforced as a specific lien on the said lands.

Finally, the appellee contends that, if it be conceded that the deed to Lawrence Blum was executed under, and in pursuance of, the terms of the contract of April 5, 1927, and that an equitable lien was thereby created in favor of the beneficiaries therein, since the contract was not recorded, the creditors of the estate of Lawrence Blum had a lien on the realty owned by him at the time of his death which was superior to any claim or lien growing out of this contract, or that, in other words, ''under our registration laws the contract, not having been recorded, is void as to a creditor who has acquired a lien, and the appellee in the present case acquired a lien by virtue of our statute relative to the administration of the assets of decedents.'' This contention of counsel is not maintainable. It is true that our decisions refer to the right of creditors to subject the real and personal property of a decedent to the payment of his debts, as a lien, but it is not a lien on such property that is superior to the rights, title, and interest and equities of third parties in such property, acquired before the death of the decedent.

Section 1643, Code 1930, provides that the lands of a testator or intestate shall stand chargeable for the debts and funeral expenses of the deceased and the expenses of settling the estate, over and above what the personal estate may be sufficient to pay, and may be subjected thereto in the manner provided by other statutes; and this lien, charge, or right to subject the real estate of a decedent to payment of his debts is superior to the rights of the heirs therein, or any one claiming under or through them. But this lien or right is a charge only on the right, title, and interest of the decedent in said lands at the date of his death. It is not superior to the rights or interest acquired by third parties in such

lands before the death of the decedent. Certainly it could not be successfully contended that the lands sold and conveyed by the decedent prior to his death could be subjected to the payment of the debts of the decedent if the purchaser failed to record his deed before the death of his grantor. Nor is such lien or charge superior to an unrecorded mortgage executed by a decedent, or a lien arising prior to the death of the decedent by operation of law or otherwise. The appellee became a creditor of the decedent long before the lands here involved were conveyed to him, and by his death it acquired no right to subject the land to the payment of his debt that was superior to any outstanding liens thereon, or equities therein, recorded or unrecorded which existed at the decedent's death.

The decree of the court below will therefore be reversed, and the cause remanded.

Reversed and remanded.