Stark *v.* Fulton *et al.*[*]

(Division B. Nov. 24, 1924.)

[101 So. 857. No. 24477.]

1. Mortgages. *Equity will decree lien on land of mortgagor refusing to execute deed of trust under express agreement.*

   Where a valid mortgage is executed upon property and an agreement is made between the mortgagor and mortgagee that the mortgagee will cancel the deed of trust of record, on the agreement of the mortgagor to apply money to be procured by another loan on the debt and to execute a second deed of trust on the property embraced in the original deed of trust, and the loan is procured in accordance with the agreement and applied by the mortgagor on the debt, and the mortgagee cancels the deed of trust, after which the mortgagor refuses to execute the second deed of trust, equity will protect the interest of the original mortgagee by decreeing a lien upon the property subordinate to the deed of trust by which the loan was procured.

2. Trial. *Error to sustain demurrer after cause transferred to chancery court solely because plaintiff's right is at law or because equitable action not strictly presented.*

   Where a cause is transferred by the circuit court to the chancery court under section 289 (g), Hemingway's Code (section 532, Code of 1906), providing that "the chancery court shall have full jurisdiction in . . . all cases transferred to it by the

circuit court, or remanded to it by the supreme court," and the plaintiff makes up the pleadings in the chancery court after such change, it is error for the chancery court to sustain a demurrer to the bill solely on the ground that the right of the plaintiff is an action at law or because the bill does not present strictly an equitable cause of action.

*Headnotes 1. Mortgages, 27 Cyc, p. 983; 2. Trial 38 Cyc, p. 1294.

APPEAL from chancery court of Oktibbeha county. HON. ALLEN COX, Chancellor.

Suit by Mrs. Annie Stark against C. L. Fulton and others. From a decree sustaining a demurrer to the bill and dismissing the suit, plaintiff appeals. Reversed and remanded, with leave to answer.

*Daniel & Greene,* for appellant.

Under the terms of the written acknowledgment of said indebtedness which was secured by said trust deed, appellee agreed therein to execute and deliver to appellant a second mortgage upon the closing of the loan to the Federal Land Bank on the security then held by appellant. In accordance with the terms of this agreement appellant cancelled her trust deed against said land and received under the terms thereof the sum of six hundred dollars as a part payment on said indebtedness. After the loan was closed with the Federal Land Bank, appellees failed and refused to comply with their former agreement by executing to appellant a second mortgage on said land to secure the balance due her as agreed. At the time the notes and trust deed were given and at the time the written acknowledgment was signed by E. O. Fulton, C. L. Fulton and E. O. Fulton were joint owners and business partners in the security given to appellant.

The only question of importance to be decided in this cause is whether or not the court erred in sustaining the demurrer of appellees and dismissing the suit at her cost. The case was thereafter transferred to the chancery

court by the court, after taking same under advisement for several days, which in the opinion of the circuit judge was thought to involve the determination of equitable rights and interests of the parties to the cause. Upon dismissal of this cause by the court below the statute immediately began to run and after one day the note for one hundred and ten dollars aside from the written acknowlegment would have been barred so far as filing another suit in the circuit court as suggested to appellant in the judgment of the court.

Section 532, Code of 1906, section 289 Hemingway's Code, under par. "G," makes it the duty of the chancery court to assume jurisdiction over "all cases transferred to it by the circuit court, or remanded to it by the supreme court." 80 So. 276. It is a well-settled principle of law that if the chancery court acquired jurisdiction of a cause and should herein decide according to equitable methods, although the case did not fall within the scope of equity jurisprudence and belonged properly to the jurisdiction of the law court, such judgment will not be disturbed alone on the ground that the chancery court had no jurisdiction to render judgment. This question is regulated and controlled by section 147 of the Constitution. Section 162, Constitution of 1890, is mandatory and precludes a dismissal by the chancery court for want of jurisdiction. *Murphy* v. *Meridian*, 103 Miss. 110. Section 157 of the Constitution is equally mandatory on the circuit court.

The allegations set out in appellant's original bill show that it partakes of the nature of equitable features and under the facts and circumstances the remedy sought cannot be made complete and adequate except through equitable modes of procedure. Appellant, in her bill does not seek altogether a money judgment, but even if she did, this would not destroy the jurisdiction of the court under the prayer of the bill. The bill prayed for specific performance of the contract, or a lien on the land upon

which appellant cancelled her trust deed to secure the balance of the debt and concluded with the usual prayer for general relief.

The question raised in this case by the demurrer of appellee, E. O. Fulton, as to homestead rights, which seemed to be the controlling factor with the lower court in sustaining the demurrer, is a question of fact depending on statutory requirements, etc.

*B. F. Bell* and *Will E. Ward,* for appellees.

It will be noted that the prayer for relief is for a specific performance of the contract set out in the declaration in the circuit court, and that defendant be compelled by decree of the court to execute to appellant a deed of trust on the lands described in the bill, to secure the balance due appellant, ''or, that a lien be decreed or ordered by the court upon said property to the extent of the amount now owing, with interest thereon, as set out in this cause, etc.'' While it is peculiarly within the jurisdiction of the chancery courts to compel specific performance of contracts, yet, the chancery courts cannot enforce specific performance of a contract which would result in no relief to the complainant. They rely upon the enforcement of only one contract, ''Exhibit B,'' to which they specifically refer and is the sole ground of relief sought by them. This contract being signed only by Mrs. Annie Stark, the appellant, and E. O. Fulton, and it being admitted in the bill that the property is the homestead of E. O. Fulton and his wife, Mrs. E. O. Fulton, surely it would be a vain thing for the court to decree that E. O. Fulton execute a deed of trust upon it without his wife's signature to same, the only result of which would be to give a void deed of trust to the appellant.

I cannot discern any application to this case of the case and Constitutional references made in the argument of the appellant. Of her own choosing, the appellant

instituted her case in the circuit court, and of her own choosing she had it transferred to the chancery court, and failing to set out a cause of action, the chancery court properly sutained the appellees' demurrer.

ETHRIDGE, J., delivered the opinion of the court.

The appellant started suit in this case in the circuit court on a promissory note which had been secured by a deed of trust, after which an agreement between the appellant and the defendants C. L. Fulton and E. O. Fulton that a loan would be procured from the Federal Land Bank and paid upon the indebtedness, and that appellant would waive or cancel her deed of trust and take a second deed of trust for the balance of the land. The suit in the circuit court was transferred to the chancery court by the circuit judge, and in the chancery court the appellant filed her bill setting forth the deed of trust given by C. L. Fulton and E. O. Fulton to W. H. Reynolds. Mrs. Annie Stark, the appellant, by virtue of the settlement of the estate of said Reynolds, and by written assignment of record, became the owner of the debt. She alleged that she received as part payment of the said debt six hundred dollars procured from the Federal Land Bank, leaving a balance of two hundred sixty-two dollars and eighty cents which balance is evidenced by written acknowledgment of indebtedness, a copy of which is attached to the bill, also the deed of trust is attached as an exhibit to the bill; that there was a balance due of three hundred seventy-three dollars and fifty-six cents including a note for one hundred ten dollars and seventy-six cents with six per cent. interest. It is further alleged that in order to secure the loan from the Federal Land Bank it was necessary for the appellant to cancel her deed of trust, and that it was agreed between appellant and the defendants that appellant would receive six hundred dollars, and that the defendants would execute a

136 Miss.—41.

deed of trust on the property embraced in the original deed of trust as a second deed of trust to secure her balance due; that, relying upon this promise, the appellant released and canceled her deed of trust, and the loan was received and six hundred dollars applied to the indebtedness of the complainant, and the benefits thereof were accepted by the defendants, but they neglected and refused to execute to her said deed of trust as they promised and agreed to do, and that the defendants have substantially no other property; but Mrs. E. O. Fulton is a necessary party to the cause by virtue of the fact that she is the wife of E. O. Fulton and that she and her husband occupy the above described land as a home. The bill prays for a specific performance of the agreement to compel the defendants to execute the deed of trust according to the agreement to the extent of the amount now owing with interest; or that a lien be decreed upon the property, and prays for all special and general relief meet and proper.

The agreement referred to in the bill made an exhibit reads as follows:

"Starkville, Miss., July 30, 1921.

"This agreement as follows: E. O. Fulton being indebted to Mrs. Annie Stark in the sum of nine hundred eighty-five dollars and fifty cents, evidenced by promissory notes and trust deeds upon the land upon which application is made to Federal Land Bank of New Orleans, La., for a loan, through Self Creek NFLA of Starkville, Mississippi, it is hereby agreed by and between the parties that if the loan be secured from said Federal Land Bank, said Mrs. Stark is to receive the sum of six hundred dollars direct from the Federal Land Bank of New Orleans, La., upon receipt of which she will cancel her trust deed and satisfy her lien upon said land, three hundred thirty-three dollars; that said E. O. Fulton will then execute to said Mrs. Stark second trust deed upon said land to secure the balance due her upon said D/T,

said Fulton's wife to join in the execution of said obligation.

> "[Signed] E. O. FULTON,
>     "MRS. ANNIE R. STARK.
>     "By C. R. STARK.

"Witnesses:
    "JOHN D. GREENE, JR.
    "G. ODIE DANIEL."

The bill was demurred to separately by C. L. Fulton and E. O. Fulton and Mrs. E. O. Fulton, and the demurrer was sustained and the bill dismissed without prejudice, for the reason, as stated by the chancellor, that the bill does not present a cause for equitable relief and that the complainant, if she has any claim against the defendants or either of them, will find her recourse in a civil action for debt, from which decree this appeal is prosecuted.

The chancellor evidently proceeded upon the theory that the wife of E. O. Fulton did not sign the agreement to execute the second deed of trust on the land as she did not sign the agreement, and that the court could not enforce by specific performance an agreement by the husband to encumber the homestead.

The bill nowhere shows that the original deed of trust was void. It does not show that E. O. Fulton at that time was a married man or was living upon the land. The presumption is that legal instruments are valid, unless the invalidity appears upon their face when they are duly executed and acknowledged. We must therefore assume that the original deed of trust to Reynolds was a valid and subsisting deed of trust upon the interests of the grantors in the original deed of trust, and that it was in force as a legal instrument when the agreement was made, that the owner would accept six hundred dollars and a second deed of trust on the said lands in satisfaction of her first lien, and, as the bill alleges this agreement was carried out on appellant's part and par-

tially executed on the part of the appellees, relying on the faith of the agreement, that appellant's lien will not in equity be lost.

Equity regards that as being done which ought to be done, and, as the original lien was in force and valid at the time of the said agreement, equity will preserve the lien and the court should have retained jurisdiction. If for any reason the original instrument was void that would have to be pleaded.

By section 289 (g), Hemingway's Code (section 532, Code of 1906), it is provided that "the chancery court shall have full jurisdiction in . .. . all cases transferred to it by the circuit court, or remanded to it by the supreme court." No exception appears to have been taken to the action of the circuit court in transferring the cause to the chancery court, and the cause being transferred because in the opinion of the circuit court the chancery court was the proper forum, that court ought to have retained jurisdiction and granted whatever relief the appellant was entitled to, whether that relief be strictly equitable relief or not. Therefore the demurrer should have been overruled by the chancery court, and the judgment of the chancery court sustaining the demurrer will be set aside and an order entered here overruling the demurrer, and the cause will be remanded with leave to the defendants to answer the bill within thirty days after the mandate is received in the court below.

*Reversed and remanded.*